IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

BERARDO A. QUILEZ-VELAR, et al.,

    Plaintiffs,

    v.

OX BODIES, INC., et al.,

    Defendants.

Civil No. 12-1780 (GAG)

## MEMORANDUM OPINION

Defendants' motion to dismiss is **DENIED without prejudice**. (Docket No. 106.) Defendants move for dismissal on two grounds: lack of personal jurisdiction and *Colorado River* abstention. Defendants claim they lack sufficient minimum contacts with Puerto Rico. Plaintiffs allege that Defendants' contacts with Guaraguao Truck Sales, Inc., in Bayamon, Puerto Rico, sufficiently constitute minimum contacts (See Docket No. 125-4), and that personal jurisdiction exists because Plaintiff purchased liability insurance coverage in Puerto Rico and failed to object to personal jurisdiction in the corresponding state court cases. At this time, the court does not determine whether personal jurisdiction exists. Plaintiffs request the court to withhold a ruling on the personal jurisdiction question until they depose Defendants' employee, Jerry Frost, on May 30, 2013. The court grants Plaintiffs' request. Defendants may re-file their 12(b)(2) motion to dismiss for lack of personal jurisdiction following the June 20, 2013 deadline for depositions of fact witnesses. In reply thereto, Plaintiffs shall address why Truck Bodies, Inc., is liable in light of Defendants' contention that it did not exist until after the automobile's manufacture.

Secondly, *Colorado River* and its progeny establish that a federal court has a virtually unflagging obligation to exercise its jurisdiction. The cases provide eight factors to apply when considering "exceptional circumstances" meriting abstention. Five are relevant here: 1) the desirability of avoiding piecemeal litigation; 2) the order in which the forums obtained jurisdiction;

**Civil No. 12-1780 (GAG)**                                  2

3) whether state or federal law controls; 4) the adequacy of the state forum to protect the parties' interests, and; 5) the vexatious or contrived nature of the federal claim. See Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 71-72 (1st Cir. 2005).

This case was bifurcated in the Puerto Rico courts, whereas this case is consolidated. (See Docket No. 125 at 39 n.17.) Plaintiffs' attorneys swear under penalty of perjury that this case is more advanced in the litigation stage than the parallel state proceedings even though this case was filed subsequent to the state actions. (See generally Docket Nos. 125-1-125-2.) This court has already invested the time and resources of its chambers staff, as has Magistrate Judge Carreno-Coll. A comprehensive timetable for resolving this case establishes deadlines for discovery and dispositive motions for the next eleven months. (See Docket No. 83.) Furthermore, the state courts scheduled a status conference for June 25, 2013, well after this court's scheduled settlement conference at the close of discovery in January 2013. (See Docket No. 125 at 46.)

This case was properly filed in federal court, as well. It makes sense why Plaintiffs would bring concurrent state and federal claims. Their state claims request retrospective damages from the Commonwealth of Puerto Rico, which the Eleventh Amendment bars in federal court. See Rullan, 397 F.3d at 72 (concurrent claims in which the state is a defendant only in the state proceedings for Eleventh Amendment purposes is "an entirely reasonable explanation"). In the state proceedings, additionally, Ox Bodies is a third-party defendant, whereas it is the principal defendant in federal court. Although the state court could capably grapple with these state law issues, Congress provided for diversity jurisdiction in 28 U.S.C. § 1332, and products liability cases do not implicate complex questions unique to Puerto Rico. Lastly, a timeless principle whose origins are traced to the Great Chief Justice dictates that, "With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it is brought before us . . .[to do otherwise] would be treason to the Constitution." Cohens v. Virginia, 19 U.S. 264, 404 (1821).

**Civil No. 12-1780 (GAG)**                                3

For the reasons stated above, the court finds no exceptional circumstances meriting abstention. Defendants' motion to dismiss is **DENIED without prejudice.**  (Docket No. 106.)

**SO ORDERED**

In San Juan, Puerto Rico this 3rd day of May, 2013.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge