IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

BERARDO A. QUILEZ-VELAR, et al.,

    Plaintiffs,

       v.                                    Civil No. 12-1780 (GAG)

OX BODIES, INC., et al.,

    Defendants.

### MEMORANDUM OPINION

The court **MOOTS** Fireman's Fund Insurance Company's ("Fireman's") motion requesting Plaintiffs' second voluntary dismissal of Fireman's be deemed an adjudication on the merits at Docket No. 146 because Fireman's was dismissed from this action as soon as Plaintiffs voluntarily dismissed it on May 27, 2013. (See Docket No. 143.) Consequently, Fireman's is no longer a party to this case. However, the court will explain why, pursuant to Federal Rule of Civil Procedure 41(a)(1)(B) and the two-dismissal rule, the May 27, 2013 dismissal constitutes an adjudication on the merits.

Opining on the matter is neither perfunctory nor surplusage. Plaintiffs notified the court that they withdrew their notification of voluntary dismissal at Docket No. 167; however, Rule 41's "Effect" provision clearly prohibits such an action. FED. R. CIV. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."). Plaintiffs previously filed the same action in Puerto Rico state court and included "unknown defendants Insurance Companies A, B, C, D and E[,] . . . other insurance companies who had issued insurance policies in favor of the remaining defendants, covering the acts and damages claimed in this action . . . ." (Docket No. 149-1 at 3.)

"Remaining" means "continuing to exist," implying that Plaintiffs sought to include "other insurance companies who had issued insurance policies in favor of" Defendants that continue to exist

**Civil No. 12-1780 (GAG)**                           2

that "cover[] the acts and damages claimed in this action." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1211 (4th ed. 2001). Fireman's is squarely under the umbrella of an insurance company covering existing Defendants in this matter. Had Plaintiffs known that Fireman's insured the principal Defendants, they clearly would have named it in the state-court complaint. The complaint states as much – Plaintiffs were unaware of the principal Defendants' insurance companies' identities, but they nonetheless sought to hold them accountable. (See Docket No. 149-1.) By succinctly describing the targeted entities – namely, the principal Defendants' insurance companies – the complaint levies allegations against Fireman's in privity.

Plaintiffs routinely assert claims against principal defendants and other unknown parties in privity whose identities are ascertainable through an answer or discovery. Indeed, several courts have found that a voluntary dismissal against a John Doe defendant counts in two-dismissal rule assessments. See Manning v. S.C. Dept. of Highway & Public Transp., 914 F.2d 44, 48 (4th Cir. 1990); Metz v. Bd. of Cnty. Comm'rs, Civ. No. 10-1240, 2012 WL 527641, at *17 n.6 (W.D. OK. Feb. 16, 2012); Cumptan v. Allstate Ins. Co., Civ. No. 5:10CV12, 2011 WL 3501783, at *7 (N.D. W. Va. Aug. 10, 2011); see also American Cyanamid Co. v. Capuano, 381 F.3d 6, 17 (1st Cir. 2004) (two-dismissal rule applies when "defendants are the same or substantially the same or in privity in both actions") (citing 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.04 (2d ed. 1996)); Bolivar v. Pocklington, 975 F.2d 28, 29 n.2 (1st Cir. 1992) (acknowledging that Puerto Rico state-court voluntary dismissals apply to Rule 41 assessments).

Plaintiffs subsequently asked the state court to dismiss the complaint, and the state court granted the request and entered judgment. (Docket Nos. 149-2 & 149-3.) That constitutes the first notice of voluntary dismissal. The second instance of voluntary dismissal occurred in this court and, although the court granted the motion, simple notice was sufficient to effect the voluntary dismissal. (See Docket Nos. 143 & 145); see also 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2368, at 188 (1971); FED. R. CIV. P. 41(a)(1)(A)(I) (prohibiting voluntary dismissal following an answer or motion for summary judgment by opposing party; Fireman's had submitted neither and, therefore, notice of dismissal sufficed). Therefore, because Plaintiffs voluntarily

**Civil No. 12-1780 (GAG)**                              3

dismissed Fireman's twice, the second notice triggered an "adjudication on the merits." FED. R. CIV. P. 41(a)(1)(B).

Fireman's motion to consider the second notice of voluntary dismissal an adjudication on the merits is **MOOT** because Fireman's was dismissed as soon as Plaintiffs notified the court of Fireman's dismissal. To the extent that Plaintiffs' subsequent notification of withdrawal of the voluntary dismissal may be construed as a motion to vacate or strike, see Engelhardt v. Bell & Howell Co., 299 F.2d 480, 484 (8th Cir. 1962), it is **DENIED**. (Docket No. 167.) No novel, compelling facts, controlling issues of law, or clearly erroneous analysis warrant giving Plaintiffs a third swing at Fireman's; it's two strikes and you're out in Rule 41's league. Nor did the pleading and corresponding order concerning the second voluntary dismissal create a "redundant, immaterial, impertinent, or scandalous matter" or a "mistake, inadvertence, surprise, or excusable neglect."[1] See FED. R. CIV. P. 12(f) & 60(b).

Because Fireman's was dismissed, it should not have filed for judgment on the pleadings. (See Docket No. 183.) Accordingly, Fireman's motion for judgment on the pleadings at Docket No. 183 is **DENIED without prejudice** and other parties may resubmit the motion. Plaintiffs will be afforded time to reply commensurate with the Local Rules of the United States District Court for the District of Puerto Rico. Any such motion, opposition, and reply thereto shall thoroughly address Puerto Rico law and extensively cite binding Puerto Rico cases.

The motion to deem the dismissal an adjudication on the merits at Docket No. 146 is **MOOT** and the motion for judgment on the pleadings at Docket No. 183 is **DENIED without prejudice.**

**SO ORDERED**

In San Juan, Puerto Rico this 1st day of August, 2013.

---

[1] Plaintiffs timely filed their motion to withdraw within the requisite twenty-one day period for motions to strike and within a reasonable time period under Rule 60(b)'s directive concerning vacating orders. See FED. R. CIV. P. 12(f) & 60(b); (see also Docket Nos. 143 & 167).

**Civil No. 12-1780 (GAG)**　　　　　　　　　4

　　　　　　　　　　　　　　　　　　　　*S/Gustavo A. Gelpí*
　　　　　　　　　　　　　　　　　　　　GUSTAVO A. GELPÍ
　　　　　　　　　　　　　　　　　　　　United States District Judge