IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO QUILEZ-VELAR, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> OX BODIES, INC., ET AL., <br><br> Defendants / Third-Party Plaintiffs <br><br> v. <br><br> MUNICIPALITY OF SAN JUAN, ET AL., <br><br> Third-Party Defendants. | CIV. NO.: 12-1780(GAG/SCC) |

**MEMORANDUM AND ORDER**

In October 2013, the undersigned held a further scheduling conference. *See* Docket No. 219. Pursuant to that conference, the expert reports of third parties were due by February 10,

2014, expert depositions were set to conclude by February 28, 2014, and all discovery was to conclude by April 1, 2014. *See id.* On February 7, 2014, third-party defendants the Municipality of San Juan and Integrand Assurance Co. requested a brief extension of time to file their expert's report, Docket No. 252; that request was granted, Docket No. 253, and the report was filed on February 14, 2014, *see* Docket No. 283, at 2. After the report was served, Defendants Ox Bodies and Truck Bodies began to request a date for the expert's deposition, but the Municipality did not respond until after Defendants threatened to file a motion to strike. *See id.* On March 17, well after the date for expert depositions had passed, the Municipality provided a single date on which the expert could be deposed: April 5, 2014. *See id.* at 3. Notably, and as Defendants pointed out to the Municipality, that date was after the Court's discovery cut-off date. *See id.* Defendants therefore moved to strike the Municipality's expert. *See id.*

On April 7, 2014, we denied the motion to strike, but in the alternative we granted a brief extension of time—until April 21, 2014—in which the parties could take the Municipality's expert's deposition. Docket No. 285. We stated clearly that this was a final extension, and we instructed the parties to work

together to schedule the deposition within the time provided. *Id.* We furthermore warned the parties that a failure to work in good faith to schedule the deposition would result in sanctions on one or both parties. *Id.*

Apparently, the April 21 deadline came and went without the expert's deposition being taken, and Defendants have once again moved to strike the expert. *See* Docket No. 299. According to Defendants, moreover, the fault for this failure is the Municipality's alone, and in support of this proposition they have filed a history of the parties' email correspondence. That correspondence reveals that the day of our Order granting an extension of time, Defendants requested from the Municipality dates for the deposition, and the Municipality did not respond, nor did it respond to a follow-up the next day. *See* Docket No. 299-1, at 8. On April 10, 2014, counsel for Defendants sent a third message, adding that it was "imperative that we speak today." *Id.* Counsel for the Municipality responded that he had asked the expert for dates; he promised to reply later that day. *Id.* Counsel for the municipality did not respond, however, and so the next day counsel for Defendants followed up yet again. *Id.* at 7. Later on April 11, counsel for the Municipality forwarded Defendants' counsel an email from the expert's assistant

which said that the expert was "not available between now and April 21st to travel to Puerto Rico for the deposition." *Id.* at 4–5. Counsel for Defendants promptly—within twenty minutes—responded with an offer "to go to him." *Id.* at 4. Three days later, however, the Municipality had not responded, and Defendants' counsel wrote again, noting that depositions had been held in this case all over the United States, and that Defendants had never made it a requirement that the deposition be held in Puerto Rico. *Id.* Another email the next day memorialized a phone call between the parties' counsel wherein it was decided that the Municipality's counsel would finally—four days after Defendants asked him to do so—request a date to depose the expert at a more convenient location. *Id.* at 3. On April 17, yet two days later, Defendants' counsel once again emailed to say that he had heard nothing from the Municipality. *Id.* The Municipality responded later that afternoon, but it did not provide a date within the period ordered by the Court. *Id.*

The Municipality's opposition to the motion to strike focuses almost exclusively on events that *preceded* our April 7 Order. *See* Docket No. 308. In essence, it hangs its hat on the fact that it offered a single deposition date—April 5, 2014—wh-

| QUILEZ-VELAR v. OX BODIES | Page 5 |
|---|---|

ich was untimely at the time it was offered. *See id.* at 2. The Municipality's only other response is that the expert is available on May 16, 2014, a date that is nearly a month beyond the deadline we explicitly called final. *See id.* The Municipality makes no effort at all to defend its failure to work diligently with Defendants to comply with our April 7 Order.[1] Indeed, it does not even mention the fact of the deadline that Order set when it offers to have its expert deposed in mid-May 2014.[2]

On this record, we are forced to conclude that the Munici-

---

1. The Municipality does state conclusorily that it has "diligently kept communications" with Defendants' counsel, *see* Docket No. 308, at 3, but that statement is belied by the evidence offered by Defendants. Furthermore, we forcefully reject the Municipality's suggestion that Defendants are "conveniently trying to avoid [the Municipality] from offering its most important evidence." *Id.* To the contrary, the correspondence between the parties makes plain that Defendants understood the seriousness of our deadline and were willing to inconvenience themselves in order to comply with it; the Municipality, meanwhile, seems to still be treating the deadline as something that can be ignored at its convenience.

2. At 5:45 p.m. on April 6, 2014, the Municipality filed a motion stating that if it did not receive by 6:00 p.m. that same day a confirmation of Defendants' intent to depose its expert on May 16, the expert would not be available that day. *See* Docket No. 309, at 2. Presumably, then, the extension for which the Municipality is implicitly requesting is in fact much longer than a month.

| QUILEZ-VELAR v. OX BODIES | Page 6 |
|---|---:|

pality has failed to work in good faith to comply with our firm deadline. We are reluctant to strike a party's expert in a case as serious as this, but our deadline was firm and the threat of sanctions plain. Accordingly, we GRANT Defendants' motion and STRIKE the Municipality's and Integrand's expert witness.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of May, 2014.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE