IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> OX BODIES, INC., ET AL., <br><br> Defendants. | CIV. NO.: 12-1780(SCC) |

**MEMORANDUM AND ORDER**

    Plaintiffs seek to discover the contents of the various settlement agreements reached between the parties to this case and the case with which it was consolidated, Civ. No. 12-1797. Previously, I denied a motion to compel this information because of the parties failure to meet and confer on the matter. *See* Docket No. 341. Now, Plaintiffs inform the Court that the parties were not able to agree to a resolution, and they renew their motion to compel. *See* Docket No. 345. For the reasons stated below, the motion is granted.

No court of appeals has ruled on the question of when and to what extent a party may compel the disclosure of a confidential settlement agreement between other parties to the litigation.[1] The First Circuit, however, has pointed out that there are two conflicting lines of cases on the question. *See Mathewson Corp. v. Allied Marine Indus., Inc.*, 827 F.2d 850, 852 n.2 (1st Cir. 1987) (Selya, J.). The first of these lines stems from *Bottaro v. Hatton Associates*, where the Eastern District of New York held that a party seeking such information must make a "particularized showing of a likelihood that admissible evidence will be generated by the" agreements' disclosure. 96 F.R.D. 158, 160 (E.D.N.Y. 1982). *Bottaro*'s was based principally on what it reasoned were policy considerations, embodied in the Rules of Evidence, "favoring settlements and . . . insulating the bargaining table from unnecessary intrusions." *Id.*

The other line of cases grew out of *Bennet v. La Pere*, which rejected *Bottaro*'s "particularized showing" test. 112 F.R.D. 136, 139–40 (D.R.I. 1986) (Selya, J.). Instead, *Bennet* focused on the

---

1. That said, the Sixth Circuit has recognized a limited settlement privilege protecting the contents of settlement *negotiations*. *See Goodyear Tire & Rubber Corp. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003).

| QUILEZ-VELAR v. OX BODIES | Page 3 |
|---|---|

liberality of discovery under the Rules of Civil Procedure, reasoning that "[i]f there is some legitimate relevance to the requested information and if no cognizable privilege attaches, it ought to be discoverable." *Id.* at 138. *Bennet* went on to itemize the many ways that disclosure of settlement agreements might lead to discoverable information. *See id.* at 138–40. More to the point, *Bennet* implicitly rejected taking an *in camera* look at the agreements to determine whether, in the court's opinion, they might lead to discoverable information. Instead, *Bennet* tips the scales strongly in favor of disclosure, noting that only after disclosure will the discovering party know whether anything in the agreements will be admissible. *See id.* at 139 ("There is, of course, no satisfactory way for the [discovering party] to determine whether it can slip within the integument of the Rule 408 exception unless it gains discovery access to the settlement documents.").

In the years since *Bottaro* and *Bennet* were decided, the balance of the precedent has supported *Bennet*'s rule.[2] Every case from this circuit considering the question has been

---

2. I hinted at this fact when, in my order denying the first motion to compel, I warned that I was "disinclined to apply the heightened burden that [*Bottaro*] placed on discovering parties." Docket No. 341.

decided in keeping with *Bennet*'s reasoning. *See, e.g., Cook v. CTC Commc'n Corp.*, Civ. No. 06-58, 2006 WL 3313838, at *3 (D.N.H. Nov. 13, 2006) (following *Bennet*); *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003) (holding that the "broad scope of the discovery rules" required disclosure);[3] *EnergyNorth Nat. Gas, Inc. v. Cent. Indem. Co.*, Civ. No. 97-64, 2000 WL 33667085, at *1 (D.N.H. March 8, 2000) (following *Bennet*). Likewise, the district from which *Bottaro* emerged has lately rejected its reasoning. *See, e.g., Rates Tech. Inc. v. Cablevision Sys. Corp.*, Civ. No. 05-3583, 2006 WL 3050879, at *3 n.3 (E.D.N.Y. Oct. 20, 2006) (holding that *Bottaro* was in conflict with the Federal Rules of Civil Procedure); *see also ABF Capital Mgt. v. Askin Capital Mgt.*, Civ. No. 96-2978, 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("Prevailing authority within this Circuit holds that the discovery of settlement-related information is governed by [Rule 26(b)(1)], and that no heightened

---

**3.** *Atchison Casting* does not explicitly follow *Bennet*, but like *Bennet* it focuses on the "broad scope of the discovery rules" and refuses to permit the settling parties to determine whether the agreement is relevant. *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003). The case also notes the "scant support in the case law for maintaining the secrecy of a settlement agreement that goes to the heart of an action." *Id.* For these reasons, I think that *Atchison Casting* is true to *Bennet*'s spirit and reasoning.

QUILEZ-VELAR v. OX BODIES                                              Page 5

showing of relevance need be made in order to justify the disclosure of the settlement agreement."). Based on what I see as a trend in the case law, I too will follow *Bennet*.

*Bennet* makes a presumption in favor of the agreements' disclosure; the party opposing discovery has the burden of "establishing some good cause or sound reason for blocking disclosure." 112 F.R.D. at 140. Defendants—the parties opposing discovery here—fail entirely to meet this burden.[4] They write that "the prejudicial value of these agreements is immense" because "jurors will immediately wonder why Defendants would pay any money at all to settle a claim they deny liability for." Docket No. 347, at 4. This confuses discoverability with admissibility. The fact that I am ordering disclosure of the settlement agreements does not mean that Plaintiffs will be able to introduce them at trial; to the contrary, Federal Rule of Evidence 408 makes the agreements presumptively inadmissi-

---

4. Most of the agreements that Plaintiffs wish to discover have not been filed with the Court, if indeed they exist at all, and so I am not in any position to evaluate their relevance independently. *Cf. Atchison Casting*, 216 F.R.D. at 227. The one agreement that *is* on the record, however, is obviously relevant and discoverable, as it contains provisions that might lead to inferences of bias on the part of certain potential witnesses. *See* Docket No. 319-1, at 11. Thus, even if I followed *Bottaro*, I would order the disclosure of that agreement.

ble. *See Bennet*, 112 F.R.D. at 139, 141 & n.3.[5] Furthermore, without a prior order from this Court, Plaintiffs are prohibited from disclosing the contents of the settlement agreements to any non-parties to this litigation. With these caveats, the motion to compel is GRANTED; all settling parties shall promptly produce to Plaintiffs copies of any settlement agreements.[6]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of September, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

5. Plaintiffs are put on notice that before discussing any of the settlements or their contents at trial, they must *first* move for permission to do so outside of the presence of the jury. *Cf. Bennet v. La Pere*, 112 F.R.D. 136, 141 n.3 (D.R.I. 1986).

6. To be clear, only finalized agreements—and not records of negotiations—must be produced.