IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL.,<br><br>    Plaintiff,<br><br>    v.<br><br>OX BODIES, INC., ET AL.,<br><br>    Defendant. | CIV. NO.: 12-1780(SCC) |

**MEMORANDUM AND ORDER**

    The accident giving rise to this case birthed a complicated history of lawsuits. At the federal level, two sets of plaintiffs separately brought suit against a set of defendants that was entirely diverse from plaintiffs. These cases were consolidated, and then one set of plaintiffs settled. Meanwhile, in state court, two other lawsuits were initiated and consolidated, this time against a more complete set of defendants. The most notable difference between the state and federal suits was that the federal suits did not name as a defendant the Municipality of

San Juan. Unsurprisingly, then, Defendants Ox Bodies and Truck Bodies filed a third-party complaint against the Municipality and its insurer in the consolidated federal suit. *See* Docket No. 19.

The Municipality has consistently maintained that its monetary liability is limited to the single-occurrence cap in its insurance policy, which is $500,000. *See* P.R. LAWS ANN. tit. 26, § 2004(1). That the Municipality cannot be liable for more than $500,000 has not been disputed by any other parties, and in any case the statute is plainly applicable in this case. *See, e.g.*, *Mintatos v. Municipality of San Juan*, 322 F. Supp. 2d 143, 145 (D.P.R. 2004) (applying § 2004). At the same time, the Municipality has admitted liability up to $500,000. *See* Docket No. 360, at 3 (informing this Court that the Municipality had admitted liability up to $500,000 in state court).[1] To that end, the Municipality has consigned $500,000 to the state court for eventual distribution to the parties as that court deems proper. In return, it asks to be dismissed from this case. *See* Docket No.

---

1. I take notice of this fact, stated in an amended motion to dismiss filed by the Municipality, but I do not otherwise consider the amended motion to dismiss, which is repetitive of the motion for judgment on the pleadings under consideration. Instead, I find the amended motion—and the motion it amended, Docket No. 359—MOOT.

344.[2]

According to the Municipality, it has "obligations" to multiple people, including the plaintiffs that have been dismissed from the federal action. *See* Docket No. 344, at 10. The Municipality notes that under Puerto Rico law, obligations "are extinguished" by "their payment." P.R. LAWS ANN. tit. 31, § 3151. This payment, however, must be "made to the person in whose favor the obligation is constituted." P.R. LAWS ANN. tit. 31, § 3166. Thus, says the Municipality, because of the dismissed plaintiffs it cannot fully discharge its obligations in the federal case.

The Municipality made a settlement offer and a Rule 68 offer of judgment for the full policy limit to both the dismissed and remaining plaintiffs. The dismissed plaintiffs accepted it,

---

2. Plaintiffs opposed the Municipality's motion for judgment on the pleadings, *see* Docket No. 349, and the Municipality requested leave to file a reply, Docket No. 352, along with a motion for an extension of time in which to file it, Docket No. 351. However, the reply was filed outside of the period of time the Municipality requested, and so Plaintiffs moved to strike, *see* Docket No. 353. Because the noncompliance was minimal, the motion to strike is DENIED and the Municipality's motions are GRANTED, except insofar as they request leave not requested in the original motion.

but the remaining plaintiffs failed to respond.[3] Under Puerto Rico law, where a tender of payment is made and refused, the debtor may be released from liability by consignation of the amount due. P.R. LAWS ANN. tit. 31, § 3180. This consignation is "made by depositing the things due at the disposal of the judicial authority before whom the tender shall be proven in a proper case." P.R. LAWS ANN. tit. 31, § 3182. To that end, the Municipality has deposited $500,000 with the state court and has accordingly asked to be released from liability.

Notably, Ox Bodies and Truck Bodies—the only parties to this lawsuit with federal claims against the Municipality—have not opposed the Municipality's motion.[4] Plaintiffs have, however. Essentially, Plaintiffs argue that § 3180 is inapplicable because there is presently no judgment making the Municipality liable for any debt. Thus, say Plaintiffs, the Municipality's

---

3. By the offer's terms, a failure to be accepted by all of the plaintiffs nullified the offer. *See* Docket No. 344-3, at 3.

4. Defendants failed to file any opposition to the motion under consideration, which is therefore deemed unopposed by them. However, Defendants did file a response to the Municipality's moot amended motion to dismiss. *See* Docket No. 361. There, they do not oppose the requested relief but instead argue that they may only be held responsible for their proportional share of the damages in this case. *See id.* at 4. Those arguments are discussed below.

liability "is contingent on the occurrence of a future and uncertain event, namely: a jury finding [the Municipality] liable to [Ox Bodies and Truck Bodies] *after a trial on the merits*." Docket No. 349, at 6. Plaintiffs also argue that the offer of judgment on which the consignation is made is invalid, first because it was made to Plaintiffs rather than Ox Bodies and Truck Bodies, and second because it fails to include accrued costs and attorneys' fees. Plaintiffs arguments fail for several reasons.

First, Plaintiffs attack on the offer of judgment lacks merit. As Plaintiffs note, the only claims in this suit against the Municipality are by Ox Bodies and Truck Bodies. They are claims for contribution, though: Ox Bodies and Truck Bodies contend that the Municipality is also a tortfeasor, and that if they are found liable the Municipality should pay for at least some of those costs. Moreover, taking a more global look at the litigation flowing from the underlying accident, it is obvious that Plaintiffs and the Municipality are adverse parties. Were this case to go to trial with the Municipality as a party, the practical result would be for the jury to find damages and apportion liability between the Municipality and Defendants; the Municipality and Defendants would be jointly and sever-

| QUILEZ-VELAR v. OX BODIES | Page 6 |
|---|---:|

ally liable for those damages, with the Municipality's exposure capped at $500,000. *See, e.g.*, *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 76–77 (2d Cir. 2001) (holding that "a formal amendment of a plaintiff's complaint asserting causes of action against a party impleaded under Rule 14(a) is unnecessary if the third-party is effectively on notice that it will be held liable on the plaintiff's claims and the two proceed against one another in an adverse manner"). Given this fact—and given that Plaintiffs were elsewhere asserting claims against the municipality[5]—it made practical sense for the Municipality to make an offer of judgment directly to Plaintiffs. After all, it would not have made sense to make such an offer to Ox Bodies and Truck Bodies, who were only asserting contingent liability claims against the Municipality.[6]

---

5. In fact, the offer was made "to all plaintiffs in the consolidated cases in both federal and state court." Docket No. 344-3, at 1.

6. Plaintiffs' argument that the offer of judgment is inadequate because of a supposed failure to include costs and attorneys' fees is frivolous. Indeed, the offer of judgment itself offers "$500,000, inclusive of litigation costs and attorney's fees." Docket No. 344-3, at 2. This is all that is needed to satisfy Rule 68. *See Marek v. Chesny*, 473 U.S. 1, 6 (1985) ("We do not read Rule 68 to require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs.").

| QUILEZ-VELAR v. OX BODIES | Page 7 |
|---|---:|

In any case, it is not clear why the Rule 68 offer must have been valid for the Municipality to benefit from the consignation of funds with the state court. By its terms, § 3180 merely requires that an offer be made and rejected, a requirement that, notwithstanding any defect in the Rule 68 offer, has unquestionably been satisfied. *See, e.g.*, Docket Nos. 344-2, 344-3. This is confirmed by the case law; consignation seems to be regularly accepted without any offer of judgment. For example, in *Pilot Life Insurance v. Crespo Martínez*, two people filed claims with the insurer to the proceeds of a life insurance policy. *See* 136 D.P.R. 624, 630 (1994).[7] The insurer knew that it owed money, but it could not determine to whom that money was owed; accordingly, it filed an interpleader action and consigned the policy proceeds with the court pursuant to § 3180. *See id.* The claimants—both of whom were named as defendants in the suit—seem to have then argued over the proceeds without the insurer's further participation, an arrangement that the Supreme Court of Puerto Rico approved. *See id.* at 643. Similarly, another court in this district has interpreted § 3180 to permit an insurer to "file an interpleader action in order for

---

7. An unpaginated English-language translation of *Crespo Martínez* is available on Westlaw at 1994 P.R.-Eng. 909,301.

the competing claimants [to an insurance policy] to elucidate who is legally entitled to the proceeds." *Pabon Lugo v. MONY Life Ins. Co. of Am.*, 465 F. Supp. 2d 123, 129 (D.P.R. 2006). Once the deposit has been made, that court explained, "the insurer is discharged from further liability." *Id.* at 130.

Because the Municipality has complied with the provisions of § 3180, its motion shall be granted and it shall be dismissed from this case. To do otherwise and require it to represent itself in the federal trial would be, simply, a waste of its resources. Notwithstanding the Municipality's dismissal here, Defendants will be entitled to have the jury apportion liability between them and the Municipality. If the jury determines that both the Municipality and Defendants were responsible for Plaintiffs' injuries, Defendants will be entitled to a "proportionate share setoff." *Rio Mar Assocs., LP, SE v. UHS of P.R., Inc.*, 522 F.3d 159, 165 (1st Cir. 2008) (citing *Szendrey v. Hospicare,* 158 D.P.R. 648 (2003)). Thus, even if the jury determines that the Municipality is liable for more than $500,000, Plaintiffs will be unable to recover that excess amount from Defendants.[8] *See Zurich Am.*

---

8. From Plaintiffs' motion, I gather that the reason why Plaintiffs so strenuously advocate to keep the Municipality in the case is out of a hope that, if it defends itself, the jury will apportion a higher

| QUILEZ-VELAR v. OX BODIES | Page 9 |
|---|---|

*Ins. v. Lord Elec. Co. of P.R.*, 828 F. Supp. 2d 462, 471 (D.P.R. 2011); *cf. Widow of Andino v. P.R. Water Resources Auth.*, 93 P.R.R. 168, 179–80 (1966) (holding that where an employer-tortfeasor was immune from liability by statute, recovery could not be sought for the employer-tortfeasor's negligence from a joint tortfeasor).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of September, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

percentage of liability to Defendants, which will result in a larger recoverable judgment. Of course, this is not a sufficient basis for keeping the Municipality in the case when it has admitted liability and consigned the proceeds of its insurance policy.