IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL., <br><br> Plaintiff, <br><br> v. <br><br> OX BODIES, INC., ET AL., <br><br> Defendant. | CIV. NO.: 12-1780(SCC) |

**MEMORANDUM AND ORDER**

    On September 4, 2014, I dismissed the Municipality of San Juan, ruling that because it had deposited in state court the maximum amount for which it might be liable in this case, there was no purpose in requiring it to participate any further here. *See Quilez-Velar v. Ox Bodies, Inc.*, Civ. No. 12-1780, 2014 WL 4385418 (D.P.R. Sept. 4, 2014). Plaintiffs now ask that I reconsider that Order, Docket No. 374, a matter regarding which they provided further argument during the Pretrial Conference held on September 16, 2014. After considering

Plaintiffs' arguments, I deny the motion for reconsideration.

In the first place, I remain convinced that the Municipality has properly complied with the provisions of Article 1130 of the Civil Code, P.R. LAWS ANN. tit. 31, § 3180. As my previous Order noted, the cases of *Pilot Life Insurance v. Crespo*, 136 D.P.R. 624 (1994), and *Pabon Lugo v. MONY Life Insurance Company of America*, 465 F. Supp. 2d 123 (D.P.R. 2006), confirm that a court's finding of liability is *not* a prerequisite to the holder of funds invoking Article 1130. *See Quilez-Velar*, 2014 WL 4385418, at *2. Rather, Article 1130 acts much like an interpleader statute, *cf.* FED. R. CIV. P. 22, permitting the holder of the money to consign it to the court, where the various claimants can fight over their entitlement to the money.

Further, the Municipality *has* admitted liability,[1] but it cannot alone determine to whom the $500,000 it has admitted owing is due. Indeed, it has no interest in that fight at all.

---

1.  I agree with the Municipality that the consignation of funds pursuant to Article 1130 is, in effect, an admission of liability. Moreover, the Municipality has admitted liability up to the limit of its insurance policy. *See* Docket Nos. 378-1, 378-2. I reject Plaintiffs' characterization of this admission as incomplete. Given that the Municipality cannot be liable for more than $500,000, it is of no moment that it has "only" admitted liability up to that amount.

Plaintiffs are incorrect, moreover, when they suggest that the only way that those funds can be distributed is after a trial on liability. With liability admitted and the funds deposited, the state court—where all potential beneficiaries remain parties—need only hold a damages hearing, after which it can distribute the funds to the various claimants as it deems appropriate.

Finally, Plaintiffs take issue with my suggestion that Defendants would be entitled to a proportionate share set-off for the Municipality's liability. To the contrary, Plaintiffs suggest that joint and several liability principles require that Defendants satisfy any portion of the judgment against the Municipality that the Municipality is statutorily exempted from paying.[2] As stated in my previous Order, I disagree. The Supreme Court of Puerto Rico has suggested that the doctrine

---

2. At the Pretrial Conference, Plaintiffs made much of the Municipality's and Defendants' inability to cite any cases directly stating that a joint tortfeasor with a municipality would not be responsible for the Municipality's excess liability under these circumstances. I note, however, that Plaintiffs have also failed to cite any cases supporting their own position, instead citing to cases generally discussing joint and several liability principles that are not in question. I have been unable to find any cases in either state or federal court that directly address this question.

of joint and several liability goes hand-in-hand with the defendants' right of contribution. *See Szendrey v. Hospicare, Inc.*, 158 D.P.R. 648, 654 (2003) ("[W]e have held that joint tortfeasors are solidarily liable to the injured party, but the onerous effect between joint tortfeasors should be distributed in proportion to their respective degree of negligence."). The Supreme Court has also stated that the "main purpose of the right of contribution" is the prevention of "unjust enrichment." *Id.* As the Supreme Court held in *Ramos v. Caparra Dairy, Inc.*, the right of contribution is meant to "allocat[e] the obligation to those who, in the last instance, it may correspond." 16 P.R. Offic. Trans. 78, 82–83 (1985) (internal quotations omitted). Applying these principles in *Szendrey*, the Supreme Court held that where a plaintiff release one of two co-defendants from liability, the remaining co-defendant is responsible to the plaintiffs "only *for the share that represents its degree of contribution* to the cause of the damage." *Szendrey*, 158 D.P.R. at 656. And the remaining co-defendant need not implead the released co-defendant to benefit from such a set-off. *Id.*; *see also id.* at 658–59.

    Here, the Municipality's liability is extinguished by statute rather than by contract, but I see no reason why *Szendrey*'s

| QUILEZ-VELAR v. OX BODIES | Page 5 |
|---|---|

principles should not still apply. As *Szendrey* makes clear, joint and several liability is a two-way street; there is an obligation on each defendant to make the plaintiff whole, but there is also a corresponding right of contribution for any defendant who pays more than his share. Here, though, if Defendants pay for the Municipality's excess liability, they are statutorily barred from seeking contribution from the Municipality. Defendants cannot be required to pay beyond their proportional share without any hope of contribution.

The case of *Widow of Andino v. Puerto Rico Water Resources Authority*, 93 P.R.R. 168 (1966), is to the same effect. There, the Supreme Court held that where an employer-tortfeasor was immune from liability on account of Puerto Rico's workers' compensation statute, recovery could not be sought for the employer-tortfeasor's negligence from a joint-tortfeasor. *Id.* at 179. The Supreme Court accordingly held that the joint-tortfeasor—who could not seek contribution from the employer-tortfeasor—"should be held liable for the damage *only in proportion to its fault and to the degree of contribution in producing the same.*" *Id.* at 180 (emphasis added). Here, the Municipality, like the employer in *Widow of Andino*, benefits from statutory immunity, and so its joint-tortfeasors cannot

| QUILEZ-VELAR v. OX BODIES | Page 6 |
|---|---|

seek contribution from it. *Widow of Andino* provides that in such a circumstances, the joint-tortfeasors are obligated to pay only the proportion of the damages for which they themselves are responsible.[3] Accordingly, I affirm that Defendants here would be entitled to a proportionate share set-off.

The motion to reconsider is thus DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of September, 2014.

    S/ SILVIA CARREÑO-COLL

    UNITED STATES MAGISTRATE JUDGE

---

**3.** I reject Plaintiffs' contention that *Widow of Andino* does not apply to the present dispute because it arose in the context of the workers' compensation statute. The Supreme Court in *Widow of Andino* understood the joint-tortfeasor's proportional—not total—liability to be a consequence of its inability to seek contribution from the employer, which was immune by statute. Those precise circumstances also exist here, and so *Widow of Andino* is, at a minimum, strong persuasive authority in favor of proportionate share set-offs in this case.