IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>OX BODIES, INC., ET AL.,<br><br>Defendants. | CIV. NO.: 12-1780(SCC) |

## MEMORANDUM AND ORDER

A jury trial in this case is currently scheduled to begin on February 2, 2015, and Defendants now ask that it be bifurcated into separate trials on liability and damages. *See* Docket No. 390; *see also* FED. R. CIV. P. 42(b) (authorizing bifurcated trials "[f]or convenience, to avoid prejudice, or to expedite and economize"). Defendants justify their request on grounds that bifurcated trials would be more economical and would avoid prejudice to Defendants. For the reasons stated below, I deny Defendants' request.

QUILEZ-VELAR v. OX BODIES                                                Page 2

Before considering the merits of Defendants' motion, it is useful to note two well established facts: first, this Court has a great deal of discretion in deciding a bifurcation motion, *see Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988) ("A Rule 42(b) motion is a matter peculiarly within the discretion of the trial court . . . ."); and second, "the moving party bears the burden of proving that separate trials are justified," *Maldonado Cordero v. AT&T*, 190 F.R.D. 26, 29 (D.P.R. 1999); *see also* 9A WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 2388 (3d ed.) ("The party seeking separate trials . . . has the burden of proving that separation of the cases is necessary."). As to economy, Defendants rely principally on a claim that the parties' liability and damages witnesses are entirely separate, or at least nearly so. *See* Docket No. 390, at 2. Plaintiffs deny this, pointing in particular to the fact that three of their five expert witnesses will testify as to both damages and liability. *See* Docket No. 397, at 2.[1] As

---

1. Plaintiffs' response to Defendants' motion was originally due on October 27, 2014, on which date Plaintiffs filed a motion for an extension of time. *See* Docket No. 391. Defendants oppose the extension and ask that their motion to bifurcate be deemed unopposed. *See* Docket No. 393. While Defendants are right that a party's *request* for an extension of time is not self-executing, the parties are aware that first

Defendants point out, *see* Docket No. 398-1, at 2, Plaintiffs do not explain the degree of this overlap, but neither do Defendants—who have the burden here—explain it away. I necessarily find, then, that Defendants have failed to meet their burden. Furthermore, I am unwilling to bifurcate trial in this case on economical grounds if doing so might require Plaintiffs to pay to have their stateside experts come twice to Puerto Rico for trial.

Defendants also argue that bifurcation is proper to avoid the possibility of their being prejudiced by evidence that would "inevitably create sympathy for the plaintiffs." Docket No. 398-1, at 2. In essence, Defendants argue that this sympathy might render the jury unable to weigh the liability evidence fairly. *See* Docket No. 390, at 3. But juries routinely hear liability and damages testimony in a single trial, and Defendants point to nothing to explain why that fact should create an especially

---

requests for extension of time under circumstances like this are granted as a matter of course. Moreover, this Court has a preference for deciding matters on the merits when possible; Plaintiffs' oversight is forgiven and its request for an extension is retroactively GRANTED. For precisely the same reasons, Plaintiffs' motion to strike Defendants' tendered reply, Docket No. 399, is DENIED, and Defendants' motion for leave to file that reply, Docket No. 398, is GRANTED.

QUILEZ-VELAR v. OX BODIES                                            Page 4

great likelihood of prejudice in *this* case specifically. Moreover, courts regularly rely on jury instructions to cure and prevent potential prejudice of this type, and the Court intends to employ such instructions in this case.

Because Defendants have failed to show that separate trials are necessary to serve the needs of economy or to prevent prejudice, their motion to bifurcate the damages and liability questions, Docket No. 390, is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of November, 2014.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES MAGISTRATE JUDGE