UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

111-1347

| |
|---|
| BERARDO A. QUILEZ VELAR, ET AL. |
| Plaintiffs |
| v. |
| OX BODIES, INC., ET AL. |
| Defendants |

CIVIL NO.   12-1473 (SCC)

**PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE COURT:

COME NOW Ox Bodies, Inc. & Truck Bodies & Equipment International, Inc. ("Ox Bodies & TBEI"), through the undersigned attorneys, and submit the attached set of proposed jury instructions, with the request that instructions one through ten be read to the jury once the jury is impanelled, and that that the remaining instructions (eleven and onward) be read before the jury retire to deliberate.

In San Juan, Puerto Rico, this 26th day of January, 2015.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

**S/FRANCISCO J. COLON-PAGAN**
FRANCISCO J. COLON-PAGAN
BAR NO.: 120503
Email: fjcolon@colonlaw.com

**S/ FRANCISCO E. COLON-RAMIREZ**
FRANCISCO E. COLON-RAMIREZ
BAR NO.: 210510

{00044760 }

Email: [fecolon@colonlaw.com](mailto:fecolon@colonlaw.com)

**COLÓN & COLÓN, P.S.C.**

Mailing:  PO Box 9023355
        San Juan, PR 00902-3355
Street:  173 O'Neill Street
        San Juan, PR 00918-2404
Tel.: (787) 758-6060 ext. 236
Fax: (787) 753-1656

*Attorneys for defendants Ox Bodies, Inc. &*
*Truck Bodies & Equipment International, Inc.*

**DENFENDANTS' PROPOSED INSTRUCTION NO. 1**

General Introduction-Province of the Court and Jury

MEMBERS OF THE JURY:

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, I would like to explain some terms that you may not be familiar with.

A plaintiff is a person who files a lawsuit.  In this case, the plaintiffs are: Berardo A. Quilez Velar, Marta Bonelli Caban, Berardo A. Quilez Bonelli, and Carlos A. Quilez Bonelli.

A defendant is a person or entity against whom a lawsuit is filed.  In this case, the defendants are:  Ox Bodies, Inc., and Truck Bodies and Equipment International, Inc.

I may sometimes refer to myself as "the court".

There are also certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

On October 1, 2010, at approximately 10:00 a.m. decedent Maribel Quilez Bonelli was traveling in her 2004 Jeep Liberty on Roman Baldorioty de Castro Avenue from San Juan to Carolina. Traveling with her in the child seat installed in the rear seat of her vehicle was her two year and eleven month son.

At kilometer 4.0, near Norte Shopping Center, Maribel Quilez' vehicle was traveling in the left lane, where she ascended a bridge ("elevado") and as she descended the bridge ("elevado") Maribel found a 2003 International Truck 4300, VIN Number 1HTMMAAM33H569981, license plate MV-8303 (International Truck), stopped or almost stopped in the inner left lane, while employees of the Municipality of San Juan

{00044760 }

performed maintenance work in the area.   As a result of the accident Ms. Quilez suffered trauma to her head and face, and subsequently died.   The body of the dump truck and its rear bumper guard was designed, manufactured and installed by Ox Bodies.

Plaintiffs first filed a lawsuit against the Municipality of San Juan and others parties.   In this lawsuit, plaintiffs alleged, among other things, that the Municipality of San Juan was negligent in failing to place any traffic control devices such as signs, lights, flags, barriers or any other artifact to alert drivers in order to avoid an accident. The Municipality of San Juan in turn admitted it was at fault.

Plaintiffs have filed this second lawsuit against Ox Bodies, Inc., alleging it was negligent in designed, approved, manufactured, marketed, sold and installed the bumper guard on the rear of the dump truck.   Plaintiffs have alternatively alleged Ox Bodies defectively designed and/or defectively manufactured the body of the dump truck, making it unreasonably dangerous.   Ox Bodies has denied these allegations, and instead affirms the accident was caused by the actions or omissions of Ms. Maribel Quilez and the Municipality of San Juan.

**Source:**

Devitt & Blackmar's Federal Jury Practice and Instructions (hereinafter "FJPI"), 4 Ed., vol. 3, § 70.01.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

Electronic Devices, Internet and Social Media

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. I know that many of you use cell phones, iPhones, Blackberries, the internet and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

**Source**:

{00044760 }

**Proposed Model Jury Instructions - The Use of Electronic Technology to Conduct Research on or Communicate about a Case**

Prepared by the Judicial Conference Committee on Court Administration and Case Management  December 2009

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3**

Stipulations

Before the trial of this case, the Court held a conference with attorneys for all parties. At this conference, the parties entered into certain stipulations or agreements, in which they agreed that certain facts could be taken as true without further proof. By this procedure it is often possible to save much time.  Additionally, prior to a trial parties may propose facts that it understands are not in dispute.  This also helps save time.  The following are the stipulations and facts that are not in dispute:

1.[insert stipulations]


**Source:**

FJPI, § 70.05.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

Evidence in the Case

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence. Depositions consists of testimony from witnesses under oath taken during the course of this proceedings, with counsel for each party being entitled to ask questions. Testimony obtained in a deposition may be read to you in open court. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

Statements and arguments of counsel for the parties are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed by me, accept the stipulation as evidence and regard that fact as proved regardless of your particular belief or conviction.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.  Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

When there is an objection, and I say "sustained", it means that the evidence or

{00044760 }

testimony is excluded and you must not consider it.  If there is an objection and I say "overruled", that means that the evidence or testimony is admitted and you may consider it.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not required to accept as true the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Source:**

FJPI § 70.03.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

Legal Presumption

A legal presumption is a deduction of fact the law authorizes or requires to be made from another fact or group of facts previously established in the action. The previously established fact or group of facts are called basic facts; the fact deduced by presumption is called the presumed fact.

In a civil action such as this one, a presumption imposes on the party against whom it is directed the burden of proving the nonexistence of the presumed fact. If the party against whom the presumption is established fails to offer evidence showing the nonexistence of the presumed fact, you the jury must accept the existence of the presumed fact. If evidence is introduced in support of a determination as to the nonexistence of said fact, the party wishing to rebut the presumption must persuade you the jury that nonexistence of the presumed fact is more likely that its existence.

The following legal presumptions are applicable in this case:

(i) That the law has been obeyed;

(ii) That a person is innocent of crime or wrong;

(iii) That a person intends the ordinary consequence of his/her voluntary act; and

(iv) That a person takes ordinary care of his/her own concerns.

(v)  The duties of a position have been performed regularly.

The plaintiff must introduce evidence to rebut these presumptions in order for you to disregard it.

**Source:**

 P.R. Rules of Evidence, 32 L.P.R.A., Rules 301, 302, 304.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

**Source:**

FJPI § 70.13.

{00044760 }

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for the cause of his or her client, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the Court may be addressed during the trial of this case.

**Source:**

FJPI § 70.14.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

Taking Notes

[Upon the parties' stipulation] you have been allowed to take notes during the trial and to take them with you to the jury room during your deliberations. When you leave at night, your notes should be left in the jury room.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If any of you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

Contact with Juror

[I would at this time renew my prior instruction to you that] you should report promptly to your jury officer, and if he is not available directly to the Court, any attempt by any person to contact you, talk with you or to communicate with you about this case. This is a matter of the greatest importance. I want to urge you to consider and accept my assurance that should any such attempt be made, that the Court must know about it and that it's your duty to report it to me or cause it to be reported to me immediately just as it will then become my duty to deal with the situation that may ultimately unfold as a result of such a report. I have no wish to make your life burdensome. My every desire is to make your jury experience in this Court happy, pleasant and a rewarding one, but it is necessary that I advise you on this occasion that in the event that any such contact is made, you see that it is brought promptly, immediately in fact, to the attention of this Court.

**Source:**

U.S. v. John D. Gallagher, 735 F.2d 641 (1st Cir. 1984).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

Province of Court and Jury

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not. The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

**Source:**

FJPI § 70.06.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

General Introduction-Province of the Court and Jury

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law other than that given in the instructions of the Court.  It would also be a violation of your sworn duty as judges of the facts, to base a verdict upon anything but the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and

impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

**Source:**

FJPI § 71.01.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

All Persons Equal before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. All persons, including corporations, public or private, stand equal before the law, and are to be treated as equals in a court of justice.

**Source:**

FJPI § 71.04

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

### Instructions Apply to Each Party

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

**Source:**

FJPI § 71.03

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

Preponderance of the Evidence

The plaintiff in a civil action, such as this, has the burden to prove every essential element of his claim by preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by preponderance of the evidence in the case, the jury should find for the defendant.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed it, has more convincing force, and produces in your minds beliefs what is sought to be proved is more likely true that not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury must, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source:**

FJPI § 71.14, 72.01

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

Burden of Proof Never Shifts

In this case, each plaintiff claims to have suffered damages as a proximate result of the accident. It is each plaintiff's burden to prove each of these allegations by a preponderance of the evidence. This burden never shifts to the defendant, and there is no burden upon the defendant to disprove any of these claims.

**Source:**

Matos v. Adm. Servs. Médicos de P.R., 118 D.P.R. 567; 18 P.R. Offic. Trans. 655 (1987).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

"If You Find", or "If You Decide"

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

**Source:**

FJPI § 72.02, §71.15

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

Evidence:  Direct versus Indirect or Circumstantial

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence - such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence: the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Source:**

FJPI § 72.02, §72.03

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

Evidence in the Case, Judicial Notice and Inferences Permitted

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts and events which may have been admitted or stipulated.  Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  When the attorneys on both sides stipulate or agree as to the existence of a fact however, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

You are to consider only the evidence in the case.  However, in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

**Source:**

FJPI § 72.03.

{00044760 }

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

Taking Notes

You have been allowed to take notes during the trial and to take them with you to the jury room during your deliberations. When you leave at night, your notes should be left in the jury room.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If any of you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20**

Presumptions

A legal presumption is a deduction of fact the law authorizes or requires to be made from another fact or group of facts previously established in the action. The previously established fact or group of facts are called basic facts; the fact deduced by presumption is called the presumed fact.

In a civil action such as this one, a presumption imposes on the party against whom it is directed the burden of proving the nonexistence of the presumed fact. If the party against whom the presumption is established fails to offer evidence showing the nonexistence of the presumed fact, you the jury must accept the existence of the presumed fact. If evidence is introduced in support of a determination as to the nonexistence of said fact, the party wishing to rebut the presumption must persuade you the jury that nonexistence of the presumed fact is more likely that its existence.

Unless and until outweighed by evidence in the case to the contrary, you may find that:

(i) That the law has been obeyed;

(ii) That a person is innocent of crime or wrong;

(iii)That a person intends the ordinary consequence of his/her voluntary act; and

(iv) That a person takes ordinary care of his/her own concerns.

(v)  The duties of a position have been performed regularly.

The plaintiff must introduce evidence to rebut these presumptions in order for you to disregard it.

**Source:**

{00044760 }

P.R. Rules of Evidence, 32 L.P.R.A., Rules 301, 302, 304.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**

Questions not Evidence

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact. The lawyer's statements are not evidence.

**Source:**

FJPI § 71.12

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

Questions or Comments by Judge not Evidence

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23**

Number of Witnesses

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

**Source:**

FJPI § 72.14.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

Evaluation of Evidence

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.  At times during the trial I may sustain objections to questions asked without permitting the witness to answer or, where an answer has been made, may instruct that it be stricken from the record and that you disregard it and dismiss it from your minds.  You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.  Such items as I exclude from your consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall admit, even though it be competent. In determining what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony.   The testimony of a witness may fail to conform to the facts as they occurred because he is intentionally telling a falsehood, because his recollection of the event is faulty, or because he has not expressed himself clearly in giving his testimony.   There is no magical formula by which one may evaluate testimony.   You bring with you to this courtroom all of the experience and background of your lives.   In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others.   The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.   The interest or lack of interest of any witness in the

{00044760 }

outcome of this case, the bias or prejudice of a witness, if there by any, the age, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness' testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony.  If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

**Source:**

FJPI § 72.01.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

Burden of Proof - Negligence

A plaintiff has the obligation of presenting all the evidence necessary in order for the jury to determine that the defendants acted negligently.

**Source:**

Cotto v. C.M. Insurance Co., 116 D.P.R. 644 (1985).

{00044760 }

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26**

Negligence Cannot Be Inferred from Mere Happening of Event

Negligence cannot usually be inferred from the mere happening of an event. In this case, the mere fact that an accident happened and plaintiff may have sustained injuries or damages affords no basis for recovery against Defendant, Ox Bodies, unless plaintiffs carry the burden of proof and show that such accident and the resulting damages were caused by specific acts of negligence on the part of Ox Bodies.

**Sources:**

1.  Admor F.S.E. v. Almacén Ramón Rosa, 151 D.P.R. 711 (2000);

2.  Cotto v. C.M. Insurance Co., 116 D.P.R. 644 (1985);

3.  Sociedad de Gananciales Torres-Roche v. E.L.A., 103 D.P.R. 876 (1975).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

Right of Way - Definition

The right of way is the right that a vehicle has to proceed in a lawful manner and in preference to another approaching vehicle whenever the circumstances regarding speed, direction and proximity are such that an accident could occur, unless either one yields right of way.

**Source:**

P.R. Laws Ann., Tit. 9, § 5001(33)(2000).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28**

Duty of Driver – Right of Way

The right of way is not a license to run over, on the basis of having that right, someone who invades it.

**Source:**

Brailes Aldrich v. Miranda Torres, 89 D.P.R. 815 (1964).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29**

Duty of Driver – Regulate Speed

A driver of a motor vehicle shall regulate her speed at all times with due care, taking into account the width, traffic, use and condition of the public highway. No one shall drive at a speed greater than that which allows the driver to exercise proper control of the vehicle and shall reduce its speed or stop when needed to avoid an accident.

**Sources:**

P.R. Laws ann., tit. 9, § 5121;

Miranda v. E.L.A., 137 D.P.R. 700, 708 (1994).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30**

Duty of Driver – Duty to be Vigilant

A driver of a motor vehicle has the duty to not only look, but also be vigilant in the direction they are travelling in, and is obligated her duty to notice everything she should have seen but did not.

**Source:**

Diaz Cruz v. Miranda Torres, 74 D.P.R. 519 (1953).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

Duty of Driver - Failure to See What is in Field of Vision is Negligence

The driver of a vehicle is obligated to see what is in front of her field of vision.  If she does not see it, she is negligent for not having seen what was obvious to see.

**Source:**

Cosme de Jesus v. Hartford Accident and Indemnity Co., 80 D.P.R. 306, 311 (1958).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32**

Duty of Driver – Sudden Emergency

As a general rule, a driver has the duty to maintain a sufficiently moderate speed and have the control necessary to stop her vehicle within the distance in which she can clearly see an obstruction or danger that is before her.

**Source:**

Melendez v. Alvarez, 35 D.P.R. 343, 352 (1926), cited in Sucn. Ortiz v. Ramirez, 68 D.P.R. 498, 504 n. 1, 505 (1948).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33**

Vehicles Shall Not Obstruct Traffic

No person shall stop, stand or park a vehicle or so as to hinder or obstruct the

flow of traffic.

**Source:**

P.R. Laws ann., tit. 9, § 5173.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**

Roadway Warnings When Performing Roadwork

When performing roadwork on a freeway such as Baldorioty de Castro within the inside left lane, temporary signage must be placed to alert drivers of the upcoming work and lane closure, and a tapering zone in which the left lane is gradually closed so as to merge traffic into the next available lane.  The required signage and tapering zone, and their distances from the work area, are as follows:

1)      a sign 2,640 feet before the work area alerting that roadwork is being performed ahead;

2)      a sign 1,500 feet before the work area alerting that the left lane is closed 1,500 feet, or 450 meters, ahead;

3)      a sign 1,000 feet before the work area, with a pictogram depicting the left lane is closed.

4)      a transition area in which the left lane is gradually closed over the course of at least 400 feet before reaching the work area.

**Source:**

Manual of Uniform Traffic Control Devices (2003), Chapters 6C and 6H, and tables 6H1, 6H-3 and 6H-4, and figure 6H-30.

{00044760 }

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35**

Negligence – Generally

Puerto Rico Law provides that a party "by act or omission causes damage to another through fault or negligence is obligated to indemnify the injured party. Under this Article, there are three elements for a tort claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission."

A plaintiff may not rest on the mere happenstance of an accident to support a finding of liability. In fact, the mere occurrence of an accident is not indicative of negligence. Even if plaintiffs can establish negligence, the plaintiffs must also prove that the negligent act of the defendant caused them damages. Liability will attach only when the defendant's negligence is the proximate cause of the damages.

The mere fact that the incident happened does not render the manufacturer liable. After all, a manufacturer is not an insurer for all injuries which may result from the use of its product.  The consequences of a negligent act that must be foreseen are those within the range of probability and not of possibility. In other words, it does not mean that a person has to foresee and prevent all possible risks or damages, because that would imply absolute responsibility. The duty to foresee does not extend to all imaginable dangers that could threaten the security of a person, but only those that are probable to occur.

**Sources:**

1.    Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. Tit. 31, § 5141.

2.  Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43 (1st Cir. 2007).

3.  Torres v. Kmart, Corp., 233 F. Supp.2d 273 (D.P.R. 2002).

4.  Colon v. Plaza Las Americas, 136 D.P.R. 235 (1994).

5.  Malave v. Hospital de la Concepcion, 100 D.P.R. 55 (1971).

6.  Gonzalez Ivankovitch v. Las Americas Profesional Center, 103 D.P.R. 89 (1974).

7.  Bacó vs Almacén Ramón Rosa Delgado, 151 D.P.R. 711 (2000).

8.  Cotto Guadalupe v. C. M. Insurance Co., 116 D.P.R. 644 (1985).

9.  Jiménez v. Pelegrina, 112 D.P.R. 700 (1982).

10. Widow of Delgado v. Boston Insurance Co., 99 D.P.R. 714 (1971).

11. Mendoza v. Cervecería Corona, Inc., 97 P.P.R. 487, 499 (1969)

12. Rivera v. Pueblo, 76 D.P.R. 378 (1954).

13. Pacheco v. AFF, 112 D.P.R. 296 (1982).

14. Hernández v. Gobierno de la Capital, 81 D.P.R. 1031 (1960).

15. Rivera v. Pueblo, 76 P.R.R. 378, 383 (1954) (quoting Figueroa v. PR Ry., Light & P. Co., 66 D.P.R. 463, 470 (1954)).

16. Concepcion v. Pepsi Cola of P.R., 288 F.Supp.2d 167, 173 (D.P.R. 2008), referring to Tormos Arroyo v. DIP, 140 D.P.R. 265, 276 (1996) (in turn citing Gines Melendez v. Autoridad, 86 P.R.R. 490 (1962)).

17. Miranda v. E.L.A., 137 D.P.R. 700, 707 (1994);

18. Santos Briz, Jaime, Comentarios al Codigo Civil y Compilaciones Forales.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36**

Negligence – Negligent Design

Where a plaintiff claims that a product was negligently designed, a plaintiff bears the burden of establishing the applicable standard of care, and proving that the defendant acted below that standard.   Plaintiffs therefore have to prove how a reasonable and prudent truck body manufacturer would have designed the truck body, and prove that Ox Bodies' design was inferior.

**Source:**

1.      Vazquez-Filippetti v. Banco Popular, 504 F.3d 43, 52-53 (1st Cir. 2007), citing Cruz Vargas v. R.J. Reynolds Tobacco Co., 218 F. Supp. 2d 109, 119 (D.P.R. 2002), aff'd, 348 F.3d 271 (1st Cir. 2003);

2.      Perez v. United States, 444 F. Supp. 623, 626 (D.P.R. 1978), aff'd, 594 F.2d 280 (1st Cir. 1979) (case dismissed where plaintiff in negligent design case failed to identify any statutes or ordinances that could bolster the claim of an unreasonable or unsafe design).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37**

Products Liability - Elements of a Defective Product Claim

Where a plaintiff claims that a product was defective, the plaintiff has the burden of proof of establishing that:

1) the product had a defect that made it unsafe, and

2) the defect proximately caused the plaintiff's injuries.

**Sources:**

1. Aponte Rivera v. Sears Roebuck de P.R., Inc., 144 D.P.R. 830 (1988);

2. Rubio-Gonzalez v. Bridgestone-Firestone, Inc., --- F. Supp. 2d ---, 2006 WL 2715152 at *2 citing Caraballo-Rodriguez v. Clark Equipment Co., 147 F.Supp.2d 66, 71 (D.P.R.2001);

3. Rivera-Pomales v. Bridgestone-Firestone, Inc., 217 F.R.D. 290, 295 (D.P.R.2003).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38**

Products Liability – Product Defective due to Design Defect

Where a plaintiff claims that the product is defective due to a defect in design, the plaintiff must show that the design of the product was the proximate cause of the damages claimed.  If the plaintiff meets this burden, then the defendant must show that in the balance of interests, the benefits offered by the design exceed the risks inherent in the design.

Rivera Santana v. Superior Packaging, Inc., 132 D.P.R. 115, 129 n. 7 (1992), citing Barker v. Lull Engineering Co., Inc., 573 P.2d 443 (1978).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**

Products Liability – Product Defective due to Manufacturing Defect

Where a plaintiff claims that the product is defective due to a defect in manufacturing process, the plaintiff must show that the product as manufactured differs from what the manufacturer intended or from other identical units of the same production line.

**Source:**

Rivera Santana v. Superior Packaging, Inc., 132 D.P.R. 115, 128 n. 7 (1992), citing Barker v. Lull Engineering Co., Inc., 573 P.2d 443, 454 (1978).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**

Negligence – Negligent Manufacturing

Where a plaintiff claims that a product was negligently manufactured, the plaintiff has the burden of proof of establishing:

1) that the product as manufactured differs from what the manufacturer intended or from other identical units of the same production line; and

2) that the manufacturer knew or should have known the product as manufactured was indeed different from what was intended or from other identical units in the same production line.

**Sources:**

1.    Rivera Santana v. Superior Packaging, Inc., 132 D.P.R. 115, 128 n. 7 (1992), citing Barker v. Lull Engineering Co., Inc., 573 P.2d 443, 454 (1978).

2.    Article 1802 of the Puerto Rico Civil Code, P.R. Laws ann., tit. 31, § 5141.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**

Rear Impact Guards on Vehicles

Motor vehicles manufactured after December 31, 1952, except trailers or semi-trailers, in which the vertical distance between the rear bottom edge of the body and the ground is greater than 76.2 cm (30 inches) when the motor vehicle is empty, shall be equipped with a rear impact guard(s).

The rear impact guard must be installed at a height no more 30 inches off the ground.

The rear impact guard must not be more than 24 inches inward from the rear extremity of the motor vehicle.

The distance from the outside edge of the rear impact guard and the side extremity of the motor vehicle must be 18 inches or less.

If more than one guard is used, then the gap between the guards cannot exceed 24 inches.

The rear impact guard must be substantially constructed and attached by means of bolts, welding, or other comparable means.

**Source:**

49 C.F.R. 393.86(b)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42**

Corporation Not to Be Prejudiced

You must consider this case as a lawsuit between persons of equal worth and equal standing in the community, and between persons holding the same or similar positions in life. All persons stand equal before the law. In a court of justice all persons are to be dealt with as equals. Corporate entities, such as Ox Bodies, are regarded as persons in this instance and are entitled to the same fair trial at your hands as a private individual. You are instructed that the fact that the Defendant in this action is a corporation is not to have any effect on your deliberations.

**Source:**

1.      U.S. Constitution, Amendment XIV § 1;

2.      <u>Liggett Co. v. Lee</u>, 288 U.S. 517 (1993).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43**

Sympathy

You are instructed not to return a verdict based in any way on sympathy. Your oath of jurors requires you to deal fairly and equally with all parties whose case comes before you for your consideration. If you are sympathetic with or prejudiced in favor of or against a party to this case, you should not and shall not let such sympathy or prejudice influence you in any manner in your verdict. No sympathy of any sort for any party or prejudice of any sort for or against any party should play any part in your decision. You are not concerned with the effect or result of whatever verdict you may render in this case. Your entire responsibility is to find a true verdict under the evidence introduced in the case and the law given you in charge by the Court.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44**

Depositions - Use as Evidence

During the trial of this case, certain testimony were presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**Source:**

FJPI § 73.02.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 45**

Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. However, such charts or summaries are not in and of themselves evidence or proof of any facts. If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, such charts or summaries are used only as a matter of convenience; so if, and to the extent that you find they are not in truth summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 46**

Credibility of Witness

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 47**

Opinion Evidence, Expert Witness

You have heard testimony from people described as experts. People who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 48

Impeachment-Inconsistent Statements
or
Conduct - *Falsus in Uno Falsus in Omnibus*

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source:**

FJPI § 73.04.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 49**

Statements by Patient to Doctor

The nature and extent of the injuries, if any, which proximately resulted from an incident may not be proved by evidence of statements as to aches, or pains, or injuries, made to a doctor by a patient, in connection with the doctor's observation, examination or treatment. Such statements are received in evidence only for the purpose of enabling the doctor to tell you everything upon which he may have based any opinion expressed as to the patient's physical or mental condition.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 50**

Adequate Cause

Proof that Ox Bodies was negligent or that the dump truck was defective is not sufficient to sustain a recovery against Ox Bodies.  No matter how negligent Ox Bodies may have been or what defect its truck may have had, if its acts or omissions or the alleged defect did not cause Plaintiffs' injuries, you may not find Ox Bodies liable to plaintiffs.

Even if you find that Ox Bodies was negligent or that the dump truck was defective, plaintiffs still must prove, by a preponderance of the evidence, that there was a substantial and adequate causal connection between such negligence or defect and the accident.

An act or defect is the adequate cause in bringing about an accident if it is one which ordinarily produces the accident, according to general experience, and without which the accident would not have occurred.  In other words, you must ask yourself whether the alleged negligence or defect is on its own capable of normally causing the consequence.  A mere possibility that Ox Bodies' alleged negligence or defect in the truck caused injuries is not sufficient to support a verdict for the Plaintiffs.

If you find that Ox Bodies' negligence or that any defect in the truck was not the adequate cause and a substantial factor in causing the accident, then plaintiff may not recover. If you find that Ox Bodies' negligence or a defect in the truck was the adequate cause of plaintiffs' injury, you will proceed to consider Ms. Quilez' comparative fault, if any. (She was the driver of the Jeep Liberty).

**Sources:**

{00044760 }

1.    <u>Pons Anca v. Engebretson</u>, 160 D.P.R. 347, 355-356 (2003), citing Castán Tobeñas, Derecho civil español, común y foral, Tome IV, 15th ed. (1993), pp. 967-968.

2.    <u>Toro Aponte v. E.L.A.</u>, 142 D.P.R. 464, 474 (1997), citing J. Santos Briz, Derecho de Daños, Ed. Rev. Der. Pvdo., 1963 pp. 215 et seq.;

3.    <u>Soc. de Gananciales v. Jeronimo Corp.</u>, 103 D.P.R. 127, 134 (1976);

4.    <u>Jiménez v. Pelegrina Espinet</u>, 112 D.P.R. 700 (1982).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 51**

Comparative Negligence

It was the duty of the Ms. Quilez, the driver of the Jeep Liberty, before and at the time of the accident, to use ordinary care for her own safety while driving.

Ox Bodies contends that Ms. Quilez, while driving the Jeep Liberty, was herself negligent and that such negligence was a cause of the accident. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon Ox Bodies who must establish:

1.      First, that Ms. Quilez was also negligent; and

2.      Second, that such negligence was an adequate cause of the accident.

If you decide that Ms. Quilez was negligent and that her negligence was an adequate cause of her accident, you must then decide the degree to which Ms. Quilez contributed to the accident.  This should be fixed as a percentage, for example, 50%, 75%, 90% or whatever other percentage you fix. You must then write that percentage on the appropriate place on the verdict form.

The Municipality of San Juan has also admitted being negligent.  You must decide if the Municipality's negligence was an adequate cause of Ms. Quilez' accident. This should also be fixed as a percentage, for example, 50%, 75%, 90% or whatever other percentage you fix. You must then write that percentage on the appropriate place on the verdict form.

The sum of the percentages you assign to all parties cannot be greater than one hundred percent (100%).  In order to assist you in making this decision, you may

consider the following factors and you may also consider any other factors that you find to be important under the circumstances:

    1.    Whose conduct more directly caused injury to the plaintiff; and

    2.    How reasonable was the person's conduct in confronting a risk, for example, did the person know of the risk or should the person have known it.

**Source:**

    1.    <u>Toro Lugo v. Ortiz Martínez</u>, 113 D.P.R. 56 (1982);

    2.    <u>Mendez Purcell v. AFF</u>, 110 D.P.R. 130 (1980).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 52

### Consider Damages Only if Necessary

If the plaintiffs have proven their claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiffs are entitled. You should not interpret the fact that I have given instructions as to damages as an indication in any way that you should or should not award damages, or that the plaintiffs should, or should not, win this case.

It is your task first, to determine whether the defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiffs are entitled to recover money from the defendants.

**Source:**

Pattern Jury Instructions, Rule 15.1 (5th Cir. 2006).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 53**

Compensatory Damages

If you find that defendants are liable to the plaintiffs then you must determine an amount that is fair compensation for all of the plaintiffs' damages. The purpose of compensatory damages is to make the plaintiffs whole – that is to compensate the plaintiffs for the damage that the plaintiffs have suffered. If the plaintiffs win, they are entitled to compensatory damages for mental anguishes they have suffered because the accident.

You may award compensatory damages only for the mental anguishes that the plaintiffs prove that were proximately caused by the defendants' alleged negligence or defect.  The damages that you award must be fair compensation for of all of the plaintiffs' damages. You should not award compensatory damages for speculative damages, but only for those damages which the plaintiffs have actually suffered or that the plaintiffs are likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate in light of the evidence.

**Source:**

{00044760 }

Pattern Jury Instructions, Rule 15.2 (5th Cir. 2006).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 54**

Damages - Not be Punitive

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.

It is essential in order to enable you to award any amount of damages, plaintiffs must first prove their existence, their relationship to the act complained of and their value.

**Source:**

1.      Pattern Jury Instructions, Rule 15.2 (5th Cir. 2006).

2.      Computec Systems Corp. v. General Automation, Inc., 599 F.Supp. 819 (D.P.R. 1984).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 55**

Unanimous Verdict – Duty to Deliberate

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to any individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose or returning a verdict.

Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Source:**

FJPI § 74.01.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 56**

Duty to Deliberate – No Social Media

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

**Source**:

**Proposed Model Jury Instructions - The Use of Electronic Technology to Conduct Research on or Communicate about a Case**
Prepared by the Judicial Conference Committee on Court Administration and Case Management
December 2009

{00044760 }

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 57**

Election of Foreperson – Verdict Form

Upon retiring to the jury room, you will select one of your members to act as your foreperson.  The foreperson will presided over your deliberations, and will be your spokesperson here in Court.

A special verdict form has been prepared for your convenience.  You will take this form to the jury room.  You will take this form to the jury room. I direct your attention first to the form of special verdict.

[FORM OF SPECIAL VERDICT READ]

You will note that each of the interrogatories or questions call for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury.   As you will note from the wording of the questions, whether you need to reach a subsequent question depends on the answer given to the preceding question.  When you have reached a unanimous agreement as to your verdict, the foreperson will date and sign the special verdict, and will notify the court that you have reached a verdict.  I will then ask you to return with your verdict to the courtroom.

I must add that nothing said in these instructions and nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility

**Source:**

FJPI § 74.04.

Fed. R. Civ. P., Rule 49(b)

{00044760 }