```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF PUERTO RICO


BERARDO A. QUILEZ-VELAR, ET AL.,   | CIVIL NO. 12-1780(SCC)
                                   |
     Plaintiffs,                   |
                                   |
           v.                      |
                                   |
OX BODIES, INC., ET AL.,           | PLAINTIFFS DEMAND
                                   | TRIAL BY JURY
     Defendants.                   |
```

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**
<u>**TO BE GIVEN AT THE BEGINNING OF THE EVIDENCE**</u>

**OPENING INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue are called the plaintiffs. In this case the plaintiffs are: Berardo A. Quilez Velar, Marta Bonelli, and their sons Alejandro and Carlos Quilez Bonelli. The parties being sued are called the defendants. In this case, the defendants are: Ox Bodies, Inc. and Truck Bodies Equipment International, Inc.
You will sometimes hear me refer to "counsel". "Counsel" is another way o saying "lawyer" or "attorney". I will sometimes refer to myself as the "Court".

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am allowing that evidence to be used in this case.

When I say "admitted into evidence" or "received into evidence" I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. *You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to nay television or radio comments about the trial.*

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusion from the questions. Nor should you try to guess what the answer might have been. You should never infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the court-room during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**O'Malley, Grening & Lee, *Federal Jury Practice and Instructions* §101.01 (5th ed. 2000).**

## **PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

### ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of their claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendants may introduce evidence and the plaintiffs' lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. *If the defendants do introduce evidence, the plaintiffs may then present rebuttal evidence.*

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, after all of that, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**O'Malley, Grening & Lee,** *Federal Jury Practice and Instructions* **§101.02 (5th ed. 2000).**

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 3

### EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

  1.  The sworn testimony of the witnesses, no matter who called a witness.

  2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

  3.  All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such

reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.


**O'Malley, Grenig & Lee,** ***Federal Jury Practice and Instructions*** **§101.40 (5th ed. 2000).**

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 4**

### **BURDEN OF PROOF**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be probed is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

*O'Malley,* Grenig & Lee, *Federal Jury Practice and Instructions* §101.41 (5th ed. 2000).

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 5**

### **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two types of evidence that are generally presented during a trial–direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence of nonexistence of a fact.

As a general rule, the law makes no distinction between the weight of value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

*O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §104.05 (5th ed. 2000).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 6

### JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

*O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.72 (5th ed. 2000).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 7

### JUDGE'S COMMENTS TO LAWYER

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence of procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

***O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.70 (5th ed. 2000).**

10

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 8**

**JUDGE'S COMMENTS ON CERTAIN EVIDENCE**

The law permits a federal judge to comment to the jury on the evidence in a case. Such comments are only expressions of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

*O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.73 (5th ed. 2000).

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 9

### OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case.

***O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.71 (5th ed. 2000).**

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 10**

**BENCH CONFERENCES**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience and I will do what I can to limit the number and length of these conferences.

*O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.02 (5th ed. 2000).

## PLAINTIFFS' PROPOSED INSTRUCTIONS NO. 11

### CAUTIONARY INSTRUCTION BEFORE COURT RECESS

We are about to take our first recess. I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any new reports of the trial. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the Marshal to give to me.

*O'Malley*, Grenig & Lee, *Federal Jury Practice and Instructions* §102.01 (5th ed. 2000).