IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> OX BODIES, INC., ET AL., <br><br> Defendants. | CIV. NO.: 12-1780(SCC) |

## MEMORANDUM AND ORDER

Defendants have filed a motion in limine concerning the applicability to this case of section 16 of the Restatement (Third) of Torts: Products Liability. That section follows what is commonly known as the *Fox-Mitchell* rule,[1] which describes a products liability plaintiff's burden of proof in a case where

---

1. The rule was named for two early cases proposing it. *See Mitchell v. Volkswagenwerk, AG*, 669 F.2d 1199 (8th Cir. 1982); *Fox v. Ford Motor Co.*, 575 F.2d 774 (10th Cir. 1978).

the alleged design defect caused enhanced damages. Defendants concern is that Plaintiffs have misunderstood this rule, and, in accordance with this misunderstanding, will imply to the jury during opening statements that if they find a design defect, that is all that matters in this case. At a hearing this morning, counsel for Plaintiffs did in fact take the position that, at least with regard to Plaintiffs' strict liability claims, comparative fault is irrelevant. Because this belief is mistaken, and because I want to make sure that the parties do not attempt to influence the jury as to the legal rules governing this case, I offer the following guidance.

Section 16(c) of the Restatement (Third) of Products Liability provides that where a design defect enhances a plaintiff's injury beyond that which would have been resulted from other causes, and where that injury is a non-divisible one, like death, the manufacturer "is liable for *all* of the plaintiff's harm attributable to the defect *and other causes*" (emphasis added). Accordingly, the manufacturer is "jointly and severally liable . . . with other parties who bear legal responsibility for causing the harm," as that liability would be "determined by applicable rules of joint and several liability" in the forum. Restatement (Third) of Torts: Products Liability § 16(d).

In this case, Plaintiffs allege that the design defect caused their injuries. Defendants argue, by contrast, that other causes—the Municipality's negligence, as well the decedent's—were responsible for the accident. Pursuant to section 16, then, Plaintiffs would only need to prove that, regardless of other causes, Defendants' defective design was "a substantial factor in increasing [Plaintiff's] harm." Restatement (Third) of Torts: Products Liability § 16(a). If Plaintiffs succeed in proving that fact, then Defendants are jointly and severally liable with any other tortfeasors for all of Plaintiffs' injuries.

The Puerto Rico Supreme Court has not, however, explicitly followed either § 16 of the Restatement or the *Fox-Mitchell* rule. It has, however, generally followed California law when it comes to products liability. *See, e.g.*, *Collazo Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 25 (1st Cir. 1998) ("As it has revisited the issue of Puerto Rico strict liability law, the Supreme Court of Puerto Rico has consistently relied upon California Supreme Court precedent."). And according to the Restatement, California is among the jurisdictions that follow the *Fox-Mitchell* rule. *See* Restatement (Third) of Torts: Products Liability § 16, reporter's note cmt. d; *see also McGee v. Cessna Aircraft Co.*, 188 Cal. Rptr. 542 (Cal. Ct. App. 1983); *Doupnik v.*

*Gen. Motors Corp.*, 275 Cal. Rptr. 715, 719 (Cal. Ct. App. 1990). Likewise, both the First Circuit and the Restatement characterize this as a majority rule. *See Trull v. Volkswagen of Am., Inc.*, 187 F.3d 88, 101 (1st Cir. 1999) (referring to the "more widely used *Fox-Mitchell* approach"); Restatement (Third) of Torts: Products Liability § 16, reporter's note cmt. d ("A strong majority of courts that have considered the question have adopted a rule that supports § 16(c)."). As such, and because I think it is the better-reasoned approach, I will follow the *Fox-Mitchell* rule as codified in § 16.

The next question is what the application of the section § 16 means for apportionment in this case. Section 16(d) makes clear that its approach is subject to forum law on joint and several liability. Puerto Rico law explicitly permits comparative negligence in strict products liability cases. *See Collazo Santiago*, 149 F.3d at 25 (explaining that Puerto Rico has followed California law "in holding principles of comparative fault applicable to strict products liability cases"); *Montero Saldaña v. Am. Motors Corp.*, 7 P.R. Offic. Trans. 501, 510–11 (holding that comparative negligence applies in strict liability cases (following *Daly v. Gen. Motors Corp.*, 575 P.2d 1162 (Cal. 1978))). It is true that *Montero Saldaña* discusses only the comparative fault

of the plaintiff, rather than of alleged joint tortfeasors. But *Montero Saldaña*—like *Daly*, on which it principally relies—reaches its conclusion by rejecting the notion that apportionment principles should apply differently in strict liability cases. *See Montero Saldaña*, 7 P.R. Offic. Trans. at 511–12 ("It has been accepted that comparative fault in cases of negligence is the most reasonable and just way of imposing liability. If it is so in cases of negligence, is there any reason, besides that of strict technicality, why it should not be applied in cases of strict liability for defects in products?"); *Daly*, 575 P.2d at 1169–70 (rejecting the notion that juries cannot compare strict liability with negligence liability). Thus, given that Puerto Rico generally follows a regime in which liability is apportioned among joint tortfeasors, as well as the plaintiff, there is no reason in logic or doctrine to hold otherwise in the case of strict liability. This is especially true given that the Supreme Court of California, the same year that it decided *Daly*, specifically held that "the basic equitable considerations that led [it] to adopt a rule permitting comparative apportionment of liability among multiple tortfeasors appl[ies] equally in the" strict liability context. *Safeway Stores, Inc. v. Nest Kart*, 579 P.2d 441, 444 (Cal. 1978). Accordingly, I will apply general appor-

tionment principles to both Plaintiffs' negligence and strict liability claims.

Thus, based on the parties' evidentiary proffers, the jury will ultimately be instructed to apportion liability between Defendants, the decedent, and the Municipality of San Juan. The parties are absolutely prohibited from making any statements to the jury inconsistent with the above discussion, and they should refrain generally from making statements of law—whether explicit or implicit—in front of the jury.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of February, 2015.

        <u>S/ SILVIA CARREÑO-COLL</u>
        UNITED STATES MAGISTRATE JUDGE