IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO QUILEZ-VELAR, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> OX BODIES, INC., <br><br> Defendant. | CIV. NO.: 12-1780(SCC) |

**MEMORANDUM AND ORDER RE:
PROPOSED JURY INSTRUCTIONS**

Attached are the instructions that I propose to give the jury at the close to trial, along with a proposed verdict form. In preparing these proposed instructions, I have thoroughly reviewed the parties' submissions, but I have not followed them in every respect.[1] Below, in order to stream-line the

---

1. I note that these proposed instructions were prepared based on what evidence that has already been presented during trial, as well as the evidence that I understand will be presented during the trial's

QUILEZ-VELAR v. OX BODIES—Proposed Jury Instructions  Page 2

charge conference in this case, I briefly explain some of the decisions that I have made, as well as their legal bases.

The most significant departure from the parties' submissions is my decision not to instruct the jury as to Plaintiffs' negligent design claim. This position finds strong support in the Restatement, which provides that "two or more factually identical defective-design claims . . . should not be submitted to the trier of fact in the same case under different doctrinal labels." RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 2, cmt. n. This is because regardless of doctrinal label, design claims "rest on a risk-utility assessment." *Id.* Thus, submitting both a negligence and a strict-liability claim to the jury "would generate confusion and may well result in inconsistent verdicts." *Id.*

In Puerto Rico courts, of course, there are no civil juries, and so the Supreme Court of Puerto Rico has not spoken to this question. I note, however, that case law from the Supreme Court of California, strictly interpreted, suggests that a plaintiff should have the option of determining whether one or both of the theories are submitted to the jury. *See Hasson v. Ford Motor*

---

remaining days. It goes without saying that these instructions are subject to change based on what actually transpires at trial.

*Co.*, 19 Cal. 3d 530, 543 (1977), *overruled on other grounds*, *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 574 (1994); *see also Montez v. Ford Motor Co.*, 101 Cal. App. 3d 315, 317 (1980) ("A plaintiff in an action for personal injuries in a products liability case is not required to elect whether to proceed on a theory of strict liability in tort or on a theory of negligence where the instructions on the two theories will not be confusing to the jury."). In *Hasson*, however, the plaintiff's negligence theory did not depend on the existence of a defect. *Hasson*, 19 Cal. 3d at 543. Other cases from California, moreover, have recognized that where the plaintiff's negligence claim depends on the existence of a defect, submitting both a strict liability and negligence claim to the jury risks a possibility of inconsistent verdicts. *See Lambert v. Gen. Motors*, 67 Cal. App. 4th 1179 (1998) ("Where liability depends on the proof of a design defect, no practical difference exists between negligence and strict liability; the claims merge."); *see also Boekamp v. Gen. Motors, LLC*, D062390, 2013 WL 5807627, at *4 (Cal. App. Nov. 15, 2013) (following *Lambert*). *Oxford v. Foster Wheeler LLC*, 177 Cal. App. 4th 700, 720–21 (collecting cases and following *Lambert*). And even the cases rejecting election in principle recognize that in cases where the negligence action depends on the existence of a

defect, negligence instructions are superfluous. *See Montez*, 101 Cal. App. 3d at 319–20 ("[A]lthough instructions on the two theories would not have been necessarily confusing to the jury, they were not necessary." (internal citations omitted)).

Here, Plaintiffs bring both a strict-liability design claim and a negligent design claim. Both claims depend on the existence of a design defect, and both require the application of a risk-utility balancing. The difference is that the negligence claim requires an *additional* showing. *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001) ("[U]nder either a negligence or a strict liability theory of products liability, to recover from a manufacturer, a plaintiff must prove that a defect caused the injury. Under a negligence theory, a plaintiff must also prove an additional element, namely, that the defect in the product was due to negligence of the defendant." (internal quotations and citations omitted)); *see also id.* at 481 (explaining that "the risk/utility test for defective design . . . applies in a products liability action under both negligence and strict liability theories"); *see also Vazquez-Filipetti v. Banco Popular de P.R.*, 504 F.3d 43, 52–53 (1st Cir. 2007) (recognizing that Puerto Rico negligent design law is drawn from its strict liability design defect case law, which is itself drawn from California law).

Given the above, I see no good reason for instructing the jury on the law of negligent design: if the jury finds that a defect existed, Ox Bodies would be liable regardless of its negligence. Including instructions as to negligent design, on the other hand, may confuse the jury and risks the possibility of inconsistent verdicts. The better course is to instruct the jury only as to the theory with the lower standard of proof for Plaintiffs: strict liability.

A second point of departure with the parties' submissions has to do with the burden of proof. Defendants' Proposed Jury Instruction No. 15 provides that the burden never shifts, but their Proposed Jury Instruction No. 38 is to the contrary. Similarly, Plaintiffs' Proposed Instruction No. 14 places on themselves the burden of "establish[ing] that a reasonable alternative design would have reduced the injuries that caused the death of Maribel Quilez." Docket No. 427, at 16. A strict products liability plaintiff's burden is a simple one: he must show that the defendant's design proximately caused (or exacerbated) his injuries; at that point, the burden shifts to the defendant "to establish that the benefits of the design outweigh[] its risks." *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 27 (1st Cir. 1998). This burden-shifting framework

| QUILEZ-VELAR v. OX BODIES—Proposed Jury Instructions | Page 6 |
|---|---|

follows California law. *See Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 69 (1st Cir. 2002). As Puerto Rico law recognizes, moreover, the risk/utility balancing generally inquires into the mechanical feasibility of a safer alternative design. *Id.* However, while the Restatement suggests that the plaintiff has the burden to put forth the reasonable alternative design, California rejects this notion as fundamentally inconsistent with burden-shifting principles. *See Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 571 n.8 (1994) (reaffirming that under California law, "the *manufacturer* has the burden of proving that the utility of the challenged design outweighs its dangers"); *Feliciano v. Toyota Indus. Equipment Mfg., Inc.*, No. A110538, 2007 WL 2020056, at *7 (Cal. App. July 13, 2007) (following *Soule* and holding that the plaintiff need not prove a safer alternative design). Given that California's law regarding burdens of proof is based upon *Barker v. Lull Engineering Co.*, 143 Cal. 3d 413 (1978), on which the Puerto Rico Supreme Court has expressly relied, I see no reason to depart from California law on this question.

A few other brief notes:

1. I have incorporated Plaintiffs' Proposed Instruction No. 15 on crashworthiness. However, I will not instruct the

jury on proof of increased harm because the injury in this case is death, which is indivisible. Accordingly, if found liable in this case, Ox Bodies would be jointly and severally liable with any other tortfeasors for all of Plaintiffs' damages. *See* RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 16, cmt. d.

2. I have declined to give Plaintiffs' Proposed Instruction No. 19 on joint and several liability, because the instruction does nothing to help the jury reach a verdict in this case. If a verdict is entered in favor of Plaintiffs, I will apply joint and several liability principles in entering judgment.

3. I have not incorporated Defendants' Proposed Jury Instruction No. 20 regarding presumptions because I am not sure what bearing the enumerated presumptions have on this case. If Defendants make a sufficient proffer during the charge conference, this ruling will be reconsidered.

4. I have included Defendants' Proposed Jury Instruction No. 27 regarding right of way, but I find its language (which I understand was drawn from the statute) nearly incomprehensible: it defines "right of way" by using the

QUILEZ-VELAR v. OX BODIES—Proposed Jury Instructions  Page 8

phrase "right of way," and having read it over and over I am no closer to understanding what constitutes a "right of way" under Puerto Rico law. I am inclined to omit this instruction if no better language can be agreed upon.

5. I have for the time being omitted Defendants' Proposed Jury Instruction No. 34 regarding the MUTCD. I understand that the 2003 MUTCD was the law in Puerto Rico at the time of the accident in question.[2] However, reading the cited provisions of the 2003 MUTCD, I am not convinced that the provisions cited are mandatory standards rather than permissive guidance.

\* \* \*

The parties shall come prepared to the charge conference with their objections to the proposed instructions, legal support for those objections, and proposed alternative language.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of February, 2015.

---

2. *See, e.g.,* http://www.dtop.gov.pr/carretera/det_content.asp?cn_id=135.

| QUILEZ-VELAR v. OX BODIES—Proposed Jury Instructions | Page 9 |
|---|---|

<u>S/ SILVIA CARREÑO-COLL</u>

UNITED STATES MAGISTRATE JUDGE