IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BERARDO A. QUILEZ-VELAR, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>OX BODIES,<br><br>Defendant. | CIV. NO.: 12-1780(SCC) |

**MEMORANDUM AND ORDER**

Attached are the final versions of the jury instructions and verdict form that I intend to use at trial. At the charge conference, I told the parties that I would look into one of the disputes that arose. Below is my resolution of that dispute, as well as a couple other matters.

An issue arose during the charge conference regarding the Court's instruction on the Plaintiffs' initial burden of proof on their strict liability defective design claim. The Court's instruction reads: "To prevail on their defective design claims,

the plaintiffs must first prove that they were harmed and that the rear underride guard that Ox Bodies designed proximately caused their damages." Docket No. 473-1, at 20. Defendants, relying on the Puerto Rico Supreme Court's opinion in *Rivera-Aponte v. Sears Roebuck de Puerto Rico, Inc.*, 144 D.P.R. 830 (1998), took the position that Plaintiffs' initial burden also includes proving that the product in question was defective. For the reasons I explain below, the instruction as proposed by the Court correctly states the Plaintiffs' burden.

I'll start with the California Supreme Court's opinion in *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413 (1978), because the parties seem to agree that it provided the basis for the Puerto Rico Supreme Court's opinion in *Rivera-Aponte*. The Barker court explained that one of the purposes of strict liability was to lighten the plaintiff's burden of proof. *See Barker*, 20 Cal. 3d at 456 (explaining a burden-shifting framework that would "lighten the plaintiff's burden"). To that end, the court placed upon the plaintiff a burden of "showing that the injury was proximately caused by the product's design." *Id.* at 455. At that point, the burden shifts to the defendant "to prove, in light of the relevant factors, that the product *is not defective*." *Id.* (emphasis added). The defendant makes such a showing

through a risk/utility analysis. *Id.* In *Rivera-Santana v. Superior Packaging, Inc.*, 132 D.P.R. 115, 129 (1992), the Puerto Rico Supreme Court discussed Barker and strongly implied—though it did not hold—that its burden-shifting framework would apply in a design defect case under Puerto Rico law.

In *Rivera-Aponte*, which was a failure-to-warn case, the Supreme Court of Puerto Rico expanded upon the discussion of Barker it had made in *Rivera-Santana*. It first described the burden of proof that plaintiffs typically bear in strict liability claims. *Rivera-Aponte*, 144 D.P.R. at 839 ("Under this rule [i.e., of strict products liability], the plaintiff must prove that the product was defective and that the defect caused his harm."). It is this language on which Defendants relied in arguing that Plaintiffs must initially prove a design defect. The problem with this argument, though, is that a clarification elsewhere in the opinion makes clear that the Puerto Rico Supreme Court understood a different standard to obtain in the specific context of design defects utilizing the risk/utility balancing test. In the course of describing the various types of strict liability claims, the court mentioned design defects—which were not at issue in the case—and in a footnote cited *Rivera-Santana*'s

explanation of the *Barker* burden-shifting framework. *Id.* at 840 n.9 ("[Design defect] refers to when the design of the product is the proximate cause of the injuries and the defendant fails to show that, in the balance of interests, the benefits of the design in question outweigh the risks inherent in the design.").[1]

The First Circuit has, moreover, recognized that footnote 9 of *Aponte-Rivera*, rather than the more general statement that precedes it, properly states the law that the Puerto Rico Supreme Court would apply in a design defect claim. For example, in *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 26 (1st Cir. 1998), the First Circuit explained that while footnote 9 was dicta, it "provides a reasonably clear indication of the direction of the Supreme Court of Puerto Rico" regarding design defects. Likewise, in *Quintana-Ruiz v. Hyundai Motor Corp.*, 303 F.3d 62, 69 (1st Cir. 2002), the First Circuit, citing *Aponte-Rivera*, *Rivera-Santana*, and *Collazo-Santiago*, held that

---

**1.** In explaining this apparent discrepancy it is worth noting that *Rivera-Santana*, following *Barker*, recognized two different tests for proving a design defect: (1) a consumer expectation test, on which the plaintiff bears the full burden; and (2) a risk/utility test, where the burden shifts. *Rivera-Santana v. Superior Pkg., Inc.*, 132 D.P.R. 115, 129 & n.8 (1992). In this case, Plaintiffs have elected to use the risk/utility test, which I agree is more appropriate given this case's facts.

| QUILEZ-VELAR v. OX BODIES | Page 5 |
|---|---|

the Barker burden-shifting test applied in Puerto Rico. These First Circuit cases are not only persuasive as to how *Rivera-Aponte* should be understood, but are, in fact, controlling precedent regarding this Court's interpretation of Puerto Rico law. *See Sumner v. Mortgage Electronic Registration Sys.*, Civ. No. 11-11910, 2014 WL 250355, at *3 (D. Mass. Jan. 22, 2014) (collecting cases and explaining that district courts are bound by circuit-court interpretations of state law). Accordingly, I deny Defendant's objection to the proposed jury instruction and will maintain the proposed wording, which correctly reflects *Barker* as applied by the First Circuit and Puerto Rico Supreme Court.[2]

---

2. Defendant also relies on three cases from this district that it says have applied the more stringent standard that it requests in its proposed insctruction. *See* Docket No. 415, at 46. Two of these cases do in fact cite the more general language of *Rivera-Aponte* that I reject above, but in neither case is the burden of proof's allocation important to the result. *See Rubio-Gonzalez v. Bridgestone-Firestone, Inc.*, Civ. No. 01-2348(GAG), 2006 WL 2715152, at *2 (D.P.R. Sept. 22, 2006) (granting summary judgment against the plaintiff based on lack of expert support); *Carballo-Rodriguez v. Clark Equipment Co.*, 147 F. Supp. 2d 66, 71 (D.P.R. 2001) (ruling upon motions in limine). The third case in fact correctly states the burden of proof for design defect cases. *Rivera-Pomales v. Bridgestone Firestone, Inc.*, 217 F.R.D. 290, 295 (D.P.R. 2003). In any event, to the extent that any of these cases would require a strict liability design defect plaintiff who is utilizing the risk/utility test to prove the

QUILEZ-VELAR v. OX BODIES                                              Page 6

A few other matters:

1. I have not included a negligence per se instruction. Such an instruction was not included in Defendant's original proposal, nor was a draft instruction provided during the charge conference despite this Court's previous order. Moreover, I have been able to find no support for the concept under Puerto Rico law, nor have Defendants pointed to any.

2. In some instances, despite Defendant's requests, I have not changed "injury" to "damages." Legally speaking, damages are compensation for an injury. Accordingly, in certain places it only makes sense to speak of injury.

3. In the instruction on elements of a design defect change, in "2" on the numbered list I have decided not to change "that" to "substantially similar," as requested by Defendant. The referent of "that" is the harm discussed in "1" above; using "substantially similar" would cause the sentence to have a different and unintended mean-

---

existence of a defect as part of his affirmative case, I reject their reasoning as inconsistent with the explicit holdings of the Supreme Court of California, the Supreme Court of Puerto Rico, and the First Circuit Court of Appeals.

| QUILEZ-VELAR v. OX BODIES | Page 7 |
|---|---:|

ing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of February 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE