IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

BERARDO QUILEZ-VELAR, ET
AL.,

Plaintiffs,

v.

OX BODIES, INC.,

Defendant.

CIV. NO.: 12-1780(SCC)

## MEMORANDUM AND ORDER

After a trial, the jury rendered a verdict against Defendant Ox Bodies and in favor of Plaintiffs in the amount of $6,000,000. Docket No. 502, at 3. Finding Ox Bodies liable on a strict-liability theory, the verdict was apportioned as follows:

1. Berardo A. Quilez-Velar:      $1,800,000
2. Marta Bonelli-Cabán:          $3,000,000
3. Berardo A. Quilez-Bonelli:    $900,000
4. Carlos A. Quilez-Bonelli:     $300,000

*Id.* The jury failed to find Ox Bodies liable on a negligence

theory. *Id.* at 2. It furthermore found the Municipality of San Juan—but not the decedent, Maribel Quilez-Bonelli—contributorily negligent. *Id.* at 3. The jury found that Ox Bodies was only responsible for 20% of Plaintiffs' damages, while the Municipality was responsible for the other 80%.

I have previously indicated that, should the Municipality be found contributorily negligent, Ox Bodies would only be adjudged liable for the portion of the damages for which it is responsible. *See* 2014 WL 4385418, at *3 (D.P.R. Sept. 4, 2014); *see also* 2014 WL 4656649, at *1–2 (D.P.R. Sept. 17, 2014). Plaintiffs have opposed this, focusing principally on the generally-applicable rule of joint and several liability under Puerto Rico law. *See, e.g.*, Docket No. 374, at 10. According to Plaintiffs, there are only two exceptions to this principle: (1) where there is a settlement agreement releasing a joint-tortfeasor,[1] and (2) cases "arising under Puerto Rico's Workmen's Compensation Act." *Id.* at 12.

I have already addressed in some detail the way that Puerto Rico's solidary liability rule is of a piece with the principle of *nivelación*. *See* 2014 WL 4656649, at *2 ("[J]oint and several

---

**1.** *See, e.g., Szendrey v. Hospicare, Inc.*, 158 D.P.R. 648, 654 (2003). *But see Blas v. Hosp. Guadalupe*, 167 D.P.R. 439 (2006).

liability is a two-way street; there is an obligation on each defendant to make the plaintiff whole, but there is also a corresponding right of contribution for any defendant who pays more than his share."). I stand by that holding. Subsequently, I have also conducted a great deal of research into the question of whether or not Plaintiff's position that cases "arising under" Puerto Rico's workers' compensation statute present a special class of cases, into which this suit cannot fit. I have found no support for Plaintiffs' restrictive reading of the case law.

According to Plaintiffs, in the workers' compensation context, an insured employer cannot be liable to a joint-tortfeasor because to hold otherwise "would defeat the public policy purpose of" the statute. Docket No. 374, at 13. This is an accurate description of *Cortijo-Walker v. Water Resources Authority*, 91 D.P.R. 574, 91 P.R.R. 557 (1964), one of the three cases on which Plaintiffs rely. In that case, the Supreme Court of Puerto Rico considered whether a defendant, sued by a person who received worker's compensation, could bring a third-party suit against the plaintiff's immune employer. 91 P.R.R. at 558–59. The Court said that no such suit was available, as it would allow the employer's "statutory immunity" to "be defeated

through the indirect means of the third-party claim." *Id.* at 565; *see also id.* at 564 ("To permit the third-party claim would amount to doing indirectly what the lawmaker has forbidden to be done directly."). As the Supreme Court's language in *Cortijo-Walker* makes clear, its holding was as simple as identifying the employer's statutory immunity and refusing to let that immunity be vitiated by indirect means. *See* P.R. LAWS ANN. tit. 11, § 21 (providing that the workers' compensation remedy "shall be the only remedy against the employer"). Notably, the *Cortijo-Walker* Court understood its holding to foreclose contribution suits against the immune employer. *Id.* at 563 ("A third-party claim against the employer . . . is not available . . . on the theory of 'contribution' . . . .").

*Cortijo-Walker* concerned the immunity of an employer under the workers' compensation statute, which immunity was enacted by the legislature to benefit the workers' compensation system. *See id.* at 562 (explaining that the provision of immunity was an essential "means of encouraging every employer to take out insurance, without which the system could not be effective"). The present case involves the immunity of a municipality, which immunity the legislature has likewise enacted for important policy reasons: namely, the protection of

the municipal fisc. *See, e.g.*, *Luciano Morales v. Municipio de Vega Alta*, KLAN0400829, 2005 PR App. LEXIS 3327, at *31–32 (P.R. App. Oct. 31, 2005) (explaining that the while the Commonwealth and its subdivisions are generally immune from suit, the legislature has enacted a limited waiver of that immunity).[2] As Plaintiffs recognize,[3] then, *Cortijo-Walker* precludes Ox Bodies from seeking contribution from the Municipality of San Juan.[4]

---

**2.** Generally, the damages in an action against a municipality may not exceed $75,000 for a single plaintiff or $150,000 for a single occurrence. P.R. LAWS ANN. tit. 21, § 4704. However, a municipality's sovereign immunity does not inure to the benefit of its liability insurer; if the municipality is insured, a plaintiff may collect up to the insurance policy's limits. P.R. LAWS ANN. tit. 26, § 2004.

**3.** *See* Docket No. 374, at 10 (arguing that Ox Bodies is "'stuck' with the amount for which the Municipality and its insurer are not responsible"); *id.* (arguing that the "loss must be borne by the other joint tortfeasors").

**4.** Theoretically, Ox Bodies could seek contribution from the municipality up to the limits of its insurance policy—$300,000 in this case. However, the municipality has already consigned that full amount to the Commonwealth court for Plaintiffs' benefit (as well as the benefit of the plaintiffs in the companion case). Thus, because Plaintiffs have already recovered from the municipality coextensively with its liability (or will as soon as the Commonwealth court distributes the funds held in its registry), Ox Bodies cannot seek an contribution whatsoever from the municipality.

The question then is what happens when a defendant's general right to contribution is lost due to a joint-tortfeasor's statutory immunity. The other cases on which Plaintiffs rely provide an answer to this question. *See Rosario-Crespo v. Water Resources Auth.*, 94 D.P.R. 834, 94 P.R.R. 799 (1967), *Widow of Andino v. Water Resources Auth.*, 93 D.P.R. 170, 93 P.R.R. 168 (1966). The facts in *Widow of Andino* are similar to those in *Cortijo-Walker*: a worker was killed, he was compensated by the State Insurance Fund, and his family sued an entity other than his employer for damages due to its negligence. *See* 93 P.R.R. at 171. Citing *Cortijo-Walker*, the Supreme Court noted that the defendant would not be able to seek contribution from the immune employer. *Id.* at 179. Without further analysis,[5] the Supreme Court held that the "defendant should be held liable for the damage *only in proportion to its fault.*" *Id.* at 180 (emphasis added). *Rosario-Crespo* is to the same effect. 94 P.R.R. at 813 (holding that where the defendant was a joint-tortfeasor with

---

**5.** The *Widow of Andino* Court did refer to "the fact that this case is governed by the special Act on the matter," *i.e.*, the Workman's Compensation Act. *Widow of Andino v. Water Resources Auth.*, 93 P.R.R. 168, 180 (1966). But the present case is *also* governed by a "special Act on the matter," *id.*—namely, the Autonomous Municipalities Act, P.R. Laws Ann. tit. 21, § 4001, *et seq.*

the immune employer, "[i]ts liability . . . [was] limited to the proportion in which its negligence contributed in producing the damage suffered by plaintiffs").

It should be noted that the Supreme Court's holdings in *Widow of Andino* and *Rosario-Crespo* were not based on any language in the workers' compensation statute, which does not address its effect on joint-tortfeasors' rights of contribution. As explained by *Cortijo-Walker*, the purpose of employer immunity was the protection of the workers' compensation system. This policy would have been undermined if employer immunity could have been circumvented by clever pleading. It would not have been undermined, however, by requiring the defendants in *Widow of Andino* or *Rivera-Crespo* to pay for damages assessed to the immune employers. In such a case, the employer would have remained immune and the compensation system strong. And yet, the Supreme Court held that there was no solidary liability, implying that whether solidary liability exists in the present context cannot be answered simply by looking at whether it would defeat the statute's purpose: it would not, but neither would it have in *Widow of Andino* or *Rosario Crespo*.

Though the relevant statutes are different, the present

case's circumstances mirror those in *Widow of Andino* and *Rosario-Crespo*, and I cannot find a rationale in text or logic not to apply those cases' reasoning. As in *Widow of Andino*, there is a responsible party immune by virtue of a special statute. As in *Widow of Andino*, that immunity cannot be circumvented via third-part suits. As in *Widow of Andino*, then, the defendant may not seek contribution from the immune party if forced to pay damages ascribable to it. And as in *Widow of Andino*, the question of contribution is not answered by the statute. Therefore, following *Widow of Andino*'s logic, Ox Bodies should be held responsible "only in proportion to its fault." 93 P.R.R. at 180.

At the end of the day, Plaintiffs' mistake is in assuming that because the seminal cases in this area arose in the workers' compensation context, their principles apply in that context alone.[6] The distinction that Plaintiffs wish to draw between

---

6.  I have done an exhaustive search of cases from this District, as well as from Puerto Rico's Supreme Court and Court of Appeals, and I have been unable to find a single case addressing the question presented here. Asked during trial, Plaintiffs could not point to any either. *See also* Docket No. 374, at 14 (suggesting that it "is an everyday occurrence for joint tortfeasors of municipalities . . . to absorb the municipality's share of liability," but citing no cases). This surprises me, but it has not influenced my analysis, which is guided by the logic of the Supreme

immunity under the Workman's Compensation Act and the Autonomous Municipalities Act is illusory, as both statutes are designed to protect important state interests—and both have similar effects on the rights of joint-tortfeasors. I accordingly hold that where, as here, statutory immunity vitiates a defendant's right of contribution against another responsible party, the defendant may be adjudged liable only for its own share of the damages.[7] *See Ramos v. Caparra Dairy, Inc.*, 16 P.R. Offic. Trans. 78, 83 (1985) (explaining that the right of contribution is "aimed at preventing situations of unjust enrichment, subjectively allocating the obligation to those who, in the last instance, it may correspond").[8]

---

Court's holdings in the most analogous cases I have been able to find.

**7.**  Though this considerations has not animated my analysis, I note that a contrary holding, under which the defendant would be responsible for the immune municipality's damages, would essentially amount to the Commonwealth shifting to a private party, by statute, responsibility for its instrumentality's negligence. Such a result would strike me as unjust.

**8.**  Citing *García v. Northern Assurance Co.*, 92 D.P.R. 245 (1965), Plaintiffs argue that the municipality's sovereign immunity cannot inure to Ox Bodies's benefit. Docket No. 374, at 14. While I note that *García*, which was a statutory interpretation case, is not helpful here, I agree with Plaintiffs: the municipality's sovereign immunity does not extend to Ox

In keeping with the above, and consistent with the jury's verdict, I find that Ox Bodies is responsible for 20% of the damages that the jury awarded to each Plaintiff. Judgment will accordingly be entered as follows:

1. Berardo A. Quilez-Velar:      $360,000

2. Marta Bonelli-Cabán:          $600,000

3. Berardo A. Quilez-Bonelli:    $180,000

4. Carlos A. Quilez-Bonelli:     $60,000

Judgment will be entered against Plaintiffs on their negligence claim, and all other claims and defendants (including Truck Bodies Equipment International, Inc.) will be dismissed with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of March, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

Bodies. Likewise, the Supreme Court in *Widow of Andino* and *Rosario-Crespo* did not hold that the employers' immunity extended to the defendants. Instead, those cases' holdings—and by extension mine—seem to be motivated by the more fundamental principle found in *Ramos*: the defendant cannot be liable, "in the last instance," for damages not ascribable to it; and the immune party cannot be unjustly enriched by forcing others to bear its debts. *Ramos v. Caparra Dairy, Inc.*, 16 P.R. Offic. Trans. 78, 83 (1985).